| | | |
|---|---|---|
| KEVIN M. LYNN<br>1430 Grouse Court<br>Frederick, Maryland 21703 | * | CIRCUIT COURT FOR |
| | * | BALTIMORE COUNTY, MD |
| *Plaintiff* | * | |
| v. | * | Case #: 03-C-11-8667 OT |
| MONARCH RECOVERY MANAGEMENT, INC.<br>10965 Decatur Road<br>Philadelphia, PA 19154 | * | |
| | * | |
| Serve on: The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, MD 21201 | * | |
| | * | |
| *Defendant* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Kevin M. Lynn sues the Defendant for violating the federal Telephone Consumer Protection Act (TCPA) and Maryland TCPA, and alleges that:

### PARTIES

1. **Plaintiff Kevin M. Lynn** is a Maryland resident who has lived at and had a residential phone telephone line with the number 301-620-2250 located at 1430 Grouse Court, Frederick, Maryland 21703, at all times relevant to this suit.

### DEFENDANT

2. **Defendant Monarch Recovery Management, Inc.** ("MRM") is a Pennsylvania corporation, with a principle office at 10965 Decatur Road, Philadelphia, PA 19154, and whose primary business is collection of consumer debts, including in and into Maryland and this County. MRM was previously called Academy Collection Service, Inc. (ACS) until January 2010, when ACS changed its name to MRM.

3. MRM is a 'debt collector,' as defined by the Fair Debt Collection Practices Act (FDCPA), and a 'collector' as defined by the Maryland Consumer Debt Collection At, and regularly calls consumers to attempt to collect a consumer 'debt' as defined by 15 U.S.C. § 1692a(5).

### JURISDICTION AND VENUE

4. The TCPA, set forth at 47 U.S.C. § 227, and the FCC's implementing regulations, set forth at 47 C.F.R. § 64.1200, place restrictions and prohibitions on the sending of advertisements by facsimile without prior express permission, and authorize private actions for violations of the TCPA, and for violations of the regulations promulgated pursuant to the TCPA.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax (410) 510-1870
mcw@worshamlaw.com

5.  Jurisdiction is proper in State, rather than Federal court, per the jurisdiction for TCPA suits in *R.A. Ponte Architects, Ltd. v. Investors Alert, Inc.*, 382 Md. 689, 857 A.2d 1(2004).

6.  This Court has subject matter jurisdiction of this case pursuant to the Courts & Judicial Proceedings Article (CJP) §§ 1-501 and 4-402.

7.  Venue in this Court is proper pursuant to CJP §§ 6-201(a), as the Defendant carries on some regular business in this County.

## FACTS ALLEGED

### FTC lawsuit and $2.5M fine against Academy Collection Service, Inc. (ACS) in 2008

8.  On November 14, 2008, the Federal Trade Commission filed suit against ACS and three of its officers in the U.S. District Court for Nevada for numerous violations of the FDCPA.

9.  Also in November 2008, ACS and one of its officers, Keith Dickstein, entered into a Consent Decree agreement with th FTC.

10. The FTC alleged that ACS's collectors engaged in false or deceptive threats of garnishment, arrest, and legal action, communication with third parties about consumers' debts, calls to consumers at their workplace when the employer prohibits such calls, and other practices including frequent, harassing, threatening, and abusive calls, unfair and unauthorized withdrawals from consumers' bank accounts, early deposit of postdated checks consumers submitted for debt payment, and also that collectors who were terminated for FDCPA violations often returned to work within a few weeks or months.

11. As part of the Consent Decree ACS agreed to pay $2.25M, the largest civil fine ever in an FTC enforcement action against a debt collector.

12. A part of the Consent Decree bars ACS from misrepresenting to consumers that nonpayment of a debt will result in the garnishment of wages, seizure or attachment of property, or lawsuits, or misrepresenting that Academy representatives are attorneys, and also prohibits improperly communicating with third parties about a debt, using false, deceptive, or misleading representations in debt collection efforts, communicating with a consumer at any unusual time or place including the workplace, or from harassing, oppressing, or abusing any person in connection with debt collection, and requires them to clearly and conspicuously

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax (410) 510-1870
[illegible]@worshamlaw.com

2

disclose to consumers that they may stop ACS from contacting them about the debt, and also further requires notifying consumers that they may contact an ACS physical address, e-mail address, or toll-free phone number if they have a complaint about the way the company is collecting the debt.

13. During January 2010 ACS changed its name to Monarch Recovery Management, Inc. (MRM), the Defendant named and sued in this suit, and continued to do business from the same address at 10965 Decatur Road, Philadelphia, PA 19154.

14. MRM registered as a collection agency with the State of Maryland Dept. of Labor, Licensing and Regulation (DLLR), and uses the same license #1416 that ACS registered in 1992, and on March 3, 2010 obtained DLLR license #5600 for and associated with the address 9350 Ashton Road in Philadelphia, PA.

### Plaintiff's residence

15. The residence where Plaintiff currently resides was purchased by Plaintiff and his wife from Kwasi Bempa in March 2006, and Plaintiff has lived there continuously since that date with only his spouse.

16. Plaintiff and his spouse have had no contact with someone named George Teddy at any time, and George Teddy has never been to Plaintiff's residence at any time since Plaintiff moved into his house on March 9, 2006 to the present.

17. Plaintiff and his spouse have no relationship with George Teddy, and upon information and belief, George Teddy never used any of Plaintiff's telephone numbers as a contact number for any purpose.

### Plaintiff's Phone Number

18. Plaintiff has been the sole subscriber to the telephone number 301-620-2250 since or about March 9, 2006 until the present.

19. Plaintiff's residential phone number 301-620-2250 is a voice over internet protocol (VOIP) phone number and has been on the national Do-Not-Call list registry since January 30, 2007.

20. The telephone number 301-620-2250 is attached to a service for which Plaintiff is charged a fee by his phone provider for each call on a per-minute basis or for any fraction thereof, and for which Plaintiff is charged for the transmission of incoming caller ID information.

3

21. Plaintiff has never given the Defendant permission to call any of his telephone numbers including, but not limited to, his residential number 301-620-2250.

22. Plaintiff has no established business relationship with the Defendant.

### Defendant's calls to Plaintiff starting in March 2011

23. No later than July 19, 2010 Defendant starting calling Plaintiff's residential number 301-620-2250, and called Plaintiff 37 separate times on the following dates and times (EST), with the following Caller ID display, and Call length and Charge for the calls:

| Call# | Date | Time | Caller ID | Called # | Call length | Charge |
|---|---|---|---|---|---|---|
| 1. | 7-19-2010 | 17:43 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 60 secs. | 0.0229 |
| 2. | 7-21-2010 | 20:36 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 61 | 0.02439 |
| 3. | 7-22-2010 | 13:46 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 5 | 0.00949 |
| 4. | 7-23-2010 | 13:28 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 60 | 0.0229 |
| 5. | 7-30-2010 | 16:08 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 5 | 0.00949 |
| 6. | 8-02-2010 | 20:17 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 59 | 0.0229 |
| 7. | 8-04-2010 | 19:19 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 60 | 0.0229 |
| 8. | 8-05-2010 | 9:56 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 4 | 0.00949 |
| 9. | 8-09-2010 | 9:55 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 4 | 0.00949 |
| 10. | 3-07-2011 | 9:06 | "MRM" 856-668-4520 | 301-620-2250 | 6 | 0.00949 |
| 11. | 3-11-2011 | 9:12 | "MRM" 856-668-4520 | 301-620-2250 | 10 | 0.01098 |
| 12. | 3-15-2011 | 20:49 | "MRM" 856-668-4520 | 301-620-2250 | 9 | 0.01098 |
| 13. | 3-22-2011 | 9:26 | "MRM" 856-668-4520 | 301-620-2250 | 7 | 0.01098 |
| 14. | 3-28-2011 | 9:01 | "MRM" 856-668-4520 | 301-620-2250 | 8 | 0.01098 |
| 15. | 4-05-2011 | 10:22 | "MRM" 856-668-4520 | 301-620-2250 | 7 | 0.01098 |
| 16. | 4-07-2011 | 9:01 | "MRM" 856-668-4520 | 301-620-2250 | 7 | 0.01098 |
| 17. | 4-08-2011 | 9:50 | "MRM" 856-668-4520 | 301-620-2250 | 6 | 0.00949 |
| 18. | 4-15-2011 | 9:08 | "MRM" 856-668-4520 | 301-620-2250 | 9 | 0.01098 |
| 19. | 4-19-2011 | 9:17 | "MRM" 856-668-4520 | 301-620-2250 | 6 | 0.00949 |
| 20. | 4-19-2011 | 20:27 | "MRM" 856-668-4520 | 301-620-2250 | 8 | 0.01098 |
| 21. | 4-21-2011 | 9:39 | "MRM" 856-668-4520 | 301-620-2250 | 9 | 0.01098 |
| 22. | 4-21-2011 | 19:45 | "MRM" 856-668-4520 | 301-620-2250 | 8 | 0.01098 |
| 23. | 4-22-2011 | 9:05 | "MRM" 856-668-4520 | 301-620-2250 | 8 | 0.01098 |
| 24. | 4-25-2011 | 9:08 | "MRM" 856-668-4520 | 301-620-2250 | 7 | 0.01098 |
| 25. | 4-25-2011 | 21:13 | "MRM" 856-668-4520 | 301-620-2250 | 7 | 0.01098 |
| 26. | 4-28-2011 | 9:18 | "MRM" 856-668-4520 | 301-620-2250 | 7 | 0.01098 |
| 27. | 4-29-2011 | 9:09 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 6 | 0.00949 |
| 28. | 5-03-2011 | 10:04 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 6 | 0.00949 |

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax (410) 210-1670
mcw@worshamlaw.com

4

| Call# | Date | Time | Caller ID | Called # | Call length | Charge |
|---|---|---|---|---|---|---|
| 29. | 5-03-2011 | 19:32 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 30 | 0.01545 |
| 30. | 5-06-2011 | 9:13 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 8 | 0.01098 |
| 31. | 5-09-2011 | 9:15 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 6 | 0.00949 |
| 32. | 5-09-2011 | 19:14 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 5 | 0.00949 |
| 33. | 5-10-2011 | 10:12 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 7 | 0.01098 |
| 34. | 5-12-2011 | 9:07 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 6 | 0.00949 |
| 35. | 5-13-2011 | 9:07 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 6 | 0.00949 |
| 36. | 5-17-2011 | 10:17 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 7 | 0.01098 |
| 37. | 5-17-2011 | 18:03 | "MONARCH RECOVER" 800-503-3852 | 301-620-2250 | 7 | 0.01098 |

24. Defendant's calls caused Plaintiff actual damages, including phone charges for both the incoming calls and the caller ID information for each call, which are combined above.

25. Defendant called Plaintiff using an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) in all of the calls to Plaintiff.

26. Defendant was attempting to obtain location information about a debtor to collect a debt.

27. Defendant had no reasonable basis to call Plaintiff's phone number 301-620-2250.

28. Defendant made calls to Plaintiff using prerecorded or artificial voice the calls to Plaintiff.

29. Defendant could have called Plaintiff using a live person, but intentionally chose not to because it was cheaper to call using automated equipment and/or computers.

30. The majority of Defendants' calls were under 10 seconds and would ring just once, and when answered, had no one to speak with Plaintiff, and thus were very annoying, frustrating and damaging to Plaintiff and Plaintiff's peace of mind, as were calls after Plaintiff told Defendant the calls were illegal and should stop.

31. On May 12, 2011 at about 2:09 PM, Plaintiff called 800-220-0605, asked for the legal department, and spoke with a Kelly Hyatt. Plaintiff explained to Kelly Hyatt that the number the Defendant was calling is charged per minute, that it is a violation of TCPA for Defendant to call the number, and that they should remove it from their system. Kelly Hyatt/Defendant argued that they had no way of knowing the number was charged per minute.

MICHAEL C. WORSHAM, ESQ.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

32. Defendant was calling Plaintiff's number to locate and collect a consumer 'debt' from someone named George Teddy.

33. Defendant called Plaintiff three more times, on May 13, 2011 and twice on May 17, 2011, despite being informed by Plaintiff on May 12, 2011 that the calls to Plaintiff were illegal.

34. Defendant could have checked with the National Do Not Call Registry and determined quickly and for free that Plaintiff's number 301-620-2250 was on the list, but failed to do so.

35. Defendant, directly or through agents, engaged in debt collection across state lines as defined by the FCC and FTC Telemarketing Sales Rule (TSR) and by Maryland law.

36. Defendant directly or through agents or contractors called, *inter alia*, through automated telephone dialing equipment which can dial large numbers of telephone numbers.

37. Defendant planned, expected and knew that persons in Maryland would receive its calls.

38. The purpose of all of the Defendant's calls to Plaintiff was to attempt to collect a consumer 'debt' and to increase the Defendant's profits or income.

39. Defendant accepted the benefits that accrued from the calls that were made as part of the calling campaign, including collection of consumer debts.

40. Defendant ratified the calls made, and any successful collection made as part of the calling campaign that included the calls to Plaintiff, including the profits or income obtained.

41. Defendant conspired with others to create, target and make the calls to Plaintiff into Maryland as part of a calling campaign to attempt to collect consumer debts.

42. Defendant knew that the TCPA would be violated by making the calls.

43. The violations alleged are part of a related, connected, ongoing and systematic pattern and practice of conduct, which likely continues in some form to this day, and will continue.

44. Defendant has had substantial and regular contacts with the State of Maryland.

45. Defendant at all times relevant to this action had knowledge of the existence and the provisions of the TCPA and the regulations promulgated thereunder by the FCC and FTC.

46. Defendant violated the TCPA and Maryland TCPA in and into MD.

47. Defendant's actions are an unfair, abusive and deceptive practices and violate the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. § 310.

6

48. Defendant's violations were willful and/or knowing TCPA violations.

49. Defendant ratified the activities of any others involved with creating, initiating or delivering and completing the calls to Plaintiff and others in Maryland.

50. Defendant knew or should have known from the FTC's action against it when it was named ACS, and from the history of actual and alleged violations and lawsuits against Defendant when it was called ACS, that Defendant should be more careful than it was about the methods, equipment and to whom it made collection calls, such as those made to Plaintiff, but failed to take such steps, because it was cheaper to risk breaking the law.

51. Defendant knew it was likely if not certain laws would be violated by the automated calling system it used, because other persons who were not the person whose name is identified at the beginning of the message were likely to continue listening to the rest of the message, and that if the other persons did listen, they would hear information about or concerning a consumer debt that they should be hearing.

52. Defendant knew that it prerecorded calls would violate the TCPA and/or FDCPA, because of the conflicting requirements of the two laws under certain calling conditions.

53. Defendant failed at the beginning of its prerecorded or artificial voice messages to state clearly the identity or the business, individual or other entity responsible for initiating the call, and the name under which the entity is registered to conduct business with the State.

## CAUSES OF ACTION

### Count 1

**(TCPA violations for calling a number for which the caller is charged for the call using an automated telephone dialing system, or an artificial or prerecorded voice, without the prior express consent of the called party)**

54. Plaintiff incorporates all previously alleged paragraphs as if fully set forth herein.

55. Defendant used an "automatic telephone dialing system" to call Plaintiff.

56. Defendant's calls to Plaintiff violated 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person to make any call without the prior express consent of the called party using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone

7

number assigned to any service for which the called party is charged for the call.

57. Defendant's calls to Plaintiff violated 47 C.F.R. § 64.1200(a)(1)(iii), which prohibits any person or entity from initiating any telephone call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to any service for which the called party is charged for the call.

58. Defendant's violations in calling the Plaintiff were done 'willfully' and/or 'knowingly' as these terms are defined at 47 U.S.C. § 312 and in FCC decisions.

59. Upon information and belief, other persons in Maryland and in the U.S. were called by Defendant in the same illegal manner as the named Plaintiff as described above.

60. The TCPA, 47 U.S.C. § 227(b)(3)(B), provides for damages of five hundred dollars ($500) for each violation of the TCPA or FCC violations.

61. The TCPA, 47 U.S.C. § 227(b)(3) provides for treble damages up to $1,500 for each violation made willfully or knowingly.

62. Plaintiff seeks $1,500 for each of the 37 calls from Defendant made willfully or knowingly in violation of the TCPA and/or FCC regulations.

### Count 2

### (Injunctive relief under the federal TCPA, 47 U.S.C. § 227(b)(3))

63. Plaintiff incorporates all previously alleged paragraphs as if fully set forth herein.

64. The TCPA, 47 U.S.C. § 227(b)(3)(A) & (C) provides a private right to enjoin violations.

65. Plaintiff seeks injunctive relief enjoining Defendant and its affiliates, subsidiaries and officers and employees from violating the TCPA, including through the acts of others.

### COUNT 3 - Violations of the Maryland TCPA (MD-TCPA)

66. **Count 3 (same violation as Count 1):** The violation in Count #1 also violates the MD-TCPA, Maryland Annotated Code, Commercial Law art. § 14-3201-3202, which makes each separate violation of the federal TCPA or FCC regulations a violation of the MD-TCPA.

### COUNT 4 - Violations of the Maryland TCPA (MD-TCPA)

67. **Count 4:** The failure of Defendant to identify itself and the individual caller violates the TCPA as implemented by the FCC at 47 C.F.R. § 64.1200(b)(1), which requires that all

8

artificial or prerecorded telephone messages shall "At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. . . ." and this failure violates the MD-TCPA, Maryland Annotated Code, Commercial Law art. § 14-3201-3202, which makes each separate violation of the federal TCPA or FCC regulations a violation of the MD-TCPA.

### COUNT 5 - Violations of the Fair Debt Collection Practices Act (FDCPA)

68. Count 5: 15 U.S.C. § 1692b(3). Defendant communicated with a person (Plaintiff) other than the consumer that allegedly owed the debt, for the purpose of acquiring location information about the consumer, and communicated more than once without being requested to do so by such person and without reasonably believing that an earlier response of such person was erroneous or incomplete and that such person now has correct or complete location information. Defendant violated this section 36 times in calls 2 through 37.

### COUNT 6 - Violations of the Fair Debt Collection Practices Act (FDCPA)

69. Count 6: 15 U.S.C. § 1692d(6). Defendant violated this section 37 times by placing telephone calls without meaningful disclosure of the caller's identity in its calls to Plaintiff.

### DAMAGES AND RELIEF REQUESTED

70. Count 1: Plaintiff demands $1,500 for each call made, and in willful and knowing violation of the TCPA, 47 U.S.C. § 227(b)(1)(C), or $55,500.

71. Count 2: Plaintiff demands **injunctive relief** pursuant to the TCPA, 47 U.S.C. § 227(b)(3), prohibiting the Defendant and/or any and all of its agents, officers and employees, including companies created or used by Defendant, from making calls to anyone in Maryland for which the called party is charged for the call, or from using other companies, directly or indirectly, to perform the same acts or activities enjoined in this suit.

72. Count 3: Plaintiff demands $500 for each call to Plaintiff without prior express consent in violation of the Maryland TCPA, or **$18,500**, plus reasonable attorneys fees.

73. Count 4: Plaintiff demands $500 for each call to Plaintiff without clearly identifying the caller in violation of the federal TCPA and FCC regulations and Maryland TCPA, or $18,500, plus reasonable attorneys fees.

74. **Count 5:** Plaintiff demands actual damages of **$1,000** under 15 U.S.C. § 1692k(a)(1) for all the calls, and statutory damages of **$1,000** under 15 U.S.C. § 1692k(a)(2)(A) for each of calls 2 to 37 which were communications more than once without a request to do so by Plaintiff, in violation of 15 U.S.C. § 1692b(3) (**$36,000**), for a total of **$37,000**, plus reasonable attorney's fees.

75. **Count 6:** Plaintiff demands actual damages of **$1,000** under 15 U.S.C. § 1692k(a)(1) for all the calls, and statutory damages of **$1,000** under 15 U.S.C. § 1692k(a)(2)(A) for each of the 37 calls placed without meaningful disclosure of the caller's identity under 15 U.S.C. § 1692d(6) (**$37,000**), plus reasonable attorney's fees, for a total of **$38,000**.

**WHEREFORE** the Plaintiff seeks from the Defendant:

Count 1: $55,500 in statutory damages under the TCPA and FCC regulations, and

Count 2: an injunction prohibiting the Defendant from making any calls to Plaintiff or others in Maryland, or from violating the TCPA alone or in concert with any other persons or entities; and

Count 3: $18,500 in statutory damages under the Maryland TCPA, Commercial Law Art. § 14-3202(b)(2), plus reasonable attorney's fees.

Count 4: $18,500 in statutory damages under the Maryland TCPA, Commercial Law Art. § 14-3202(b)(2), plus reasonable attorney's fees.

Count 5: $37,000: $1,000 in actual damages under the FDCPA, and $36,000 in statutory damages under the FDCPA, plus reasonable attorney's fees

Count 6: $38,000: $1,000 in actual damages under the FDCPA, and $37,000 in statutory damages under the FDCPA, plus reasonable attorney's fees

<u>Grand Total:</u> Plaintiff seeks from Defendant, a grand total of **$167,500** in total federal and Maryland TCPA and FDCPA statutory damages, a permanent injunction against Defendant, and reasonable attorney's fees pursuant to the Maryland TCPA, Commercial Law Article § 14-3202(b)(1) and pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3), costs, pre-interest judgment, and other relief as the Court deems proper.

MICHAEL C WORSHAM, Esq
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 337-6171
Fax (410) 510-1870
mcw@worshamlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to Maryland Rule 2-325, elect to have all issues which are capable of being tried to a jury so tried.

## OBJECTION TO FOR FEE MEDIATION

Plaintiff objects to any for-fee mediation.

Respectfully submitted,

*[signature]*

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax: (410) 510-1870

*Attorney for Plaintiff*

August 29, 2011