UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KEVIN M. LYNN,

Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT, INC.,

Defendant.

Case No: 1:11-cv-02824-WDQ

**MONARCH RECOVERY MANAGEMENT, INC.'S AMENDED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Monarch Recovery Management, Inc. (Monarch), by and through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

**PARTIES**

1. Monarch denies the allegations contained in ¶ 1 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

**DEFENDANT**

2. Monarch admits it is a Pennsylvania corporation formerly known as Academy Collection Service, Inc., having its Registered Office Address in Pennsylvania at the location identified in ¶ 2 of the Complaint. Except as specifically admitted, Monarch denies the allegations contained in ¶ 2 of the Complaint.

3. Monarch admits that when it acts as a debt collector as defined by Section 1692a(6) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, its debt collection activities may be regulated by certain provisions of the FDCPA.

Monarch further admits that when it acts as a collector as defined by Section 14-201(b) of the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law § 14-201, *et seq.*, its collection activities may be regulated by certain provisions of the MCDCA. Except as specifically admitted, Monarch denies the allegations contained in ¶ 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Monarch denies the allegations contained in ¶ 4 of the Complaint, as the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 speaks for itself and is the best evidence of its contents and purposes.

5. Monarch admits the subject matter jurisdiction of the United States District Court for the District of Maryland. Except as specifically admitted, Monarch denies the allegations contained in ¶ 5 of the Complaint.

6. Monarch admits the subject matter jurisdiction of the United States District Court for the District of Maryland. Except as specifically admitted, Monarch denies the allegations contained in ¶ 6 of the Complaint.

7. Monarch admits venue in the United States District Court for the District of Maryland is proper. Except as specifically admitted, Monarch denies the allegations contained in ¶ 7 of the Complaint.

**FACTS ALLEGED**

8. Monarch denies the allegations contained in ¶ 8 of the Complaint, as the official docket of the United States District Court for the District of Nevada speaks for itself and is the best evidence of the matters alleged.

9. Monarch denies the allegations contained in ¶ 9 of the Complaint, as the official docket of the United States District Court for the District of Nevada speaks for itself and is the best evidence of the matters alleged.

10. Monarch denies the allegations contained in ¶ 10 of the Complaint, as the official docket of the United States District Court for the District of Nevada speaks for itself and is the best evidence of the matters alleged.

11. Monarch denies the allegations contained in ¶ 11 of the Complaint, as the official docket of the United States District Court for the District of Nevada speaks for itself and is the best evidence of the matters alleged.

12. Monarch denies the allegations contained in ¶ 12 of the Complaint, as the official docket of the United States District Court for the District of Nevada speaks for itself and is the best evidence of the matters alleged.

13. Monarch admits it is a Pennsylvania corporation formerly known as Academy Collection Service, Inc., having its Registered Office Address in Pennsylvania at the location identified in ¶ 13 of the Complaint. Except as specifically admitted, Monarch denies the allegations contained in ¶ 13 of the Complaint.

14. Monarch admits it holds current collection agency license Nos. 1416 and 5600 with the appropriate regulatory authority for the State of Maryland. Except as specifically admitted, Monarch denies the allegations contained in ¶ 14 of the Complaint, as the official records for the State of Maryland, Department of Labor, Licensing and Regulation are the best evidence of the matters alleged.

15. Monarch denies the allegations contained in ¶ 15 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

16. Monarch denies the allegations contained in ¶ 16 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

17. Monarch denies the allegations contained in ¶ 17 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

18. Monarch denies the allegations contained in ¶ 18 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

19. Monarch admits on current information and belief that telephone number 301-620-2250 is a residential telephone line. Except as specifically admitted, Monarch denies the allegations contained in ¶ 19 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

20. Monarch denies the allegations contained in ¶ 20 of the Complaint.

21. Monarch denies the allegations contained in ¶ 21 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

22. Monarch denies the allegations contained in ¶ 22 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

23. Monarch admits its business records reflect that beginning approximately July 2010, Monarch or persons on its behalf placed one or more calls to persons other than plaintiff to residential telephone line number 301-620-2250. Except as specifically admitted, Monarch denies the allegations contained in ¶ 23 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

24. Monarch denies the allegations contained in ¶ 24 of the Complaint.

25. Monarch denies the allegations contained in ¶ 25 of the Complaint.

26. Monarch denies the allegations contained in ¶ 26 of the Complaint.

27. Monarch denies the allegations contained in ¶ 27 of the Complaint.

28. Monarch denies the allegations contained in ¶ 28 of the Complaint.

29. Monarch denies the allegations contained in ¶ 29 of the Complaint.

30. Monarch denies the allegations contained in ¶ 30 of the Complaint.

31. Monarch denies the allegations contained in ¶ 31 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

32. Monarch admits its records of an account in the name of a person other than plaintiff reflect an incoming call was received from a person identifying himself as plaintiff. Except as specifically admitted, Monarch denies the allegations in ¶ 31.

32. Monarch admits its business records reflect that beginning approximately July 2010, Monarch or persons on its behalf placed one or more calls to persons other than plaintiff at residential telephone line number 301-620-2250. Except as specifically admitted, Monarch denies the allegations contained in ¶ 32 of the Complaint.

33. Monarch admits its business records reflect that beginning approximately July 2010, Monarch or persons on its behalf placed one or more calls to persons other than plaintiff at residential telephone line number 301-620-2250. Except as specifically admitted, Monarch denies the allegations contained in ¶ 33 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

34. Monarch denies the allegations contained in ¶ 34 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

35. The allegations contained in ¶ 35 of the Complaint call for a legal conclusion and, as such, do not require a response. However, to the extent an affirmative response is deemed to be required, Monarch denies the allegation contained in ¶ 35 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

36. Monarch denies the allegation contained in ¶ 36 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

37. Monarch denies the allegation contained in ¶ 37 of the Complaint for lack of sufficient information to justify a reasonable belief therein.

38. Monarch admits its business records reflect that beginning approximately July 2010, Monarch or persons on its behalf placed one or more calls to persons other than plaintiff at residential telephone line number 301-620-2250 in an attempt to collect one or more debts allegedly owed by someone other than plaintiff. Except as specifically admitted, Monarch denies the allegations contained in ¶ 38 of the Complaint.

39. Monarch denies the allegations contained in ¶ 39 of the Complaint.

40. Monarch denies the allegations contained in ¶ 40 of the Complaint.

41. Monarch denies the allegations contained in ¶ 41 of the Complaint.

42. Monarch denies the allegations contained in ¶ 42 of the Complaint.

43. Monarch denies the allegations contained in ¶ 43 of the Complaint.

44. The allegations contained in ¶ 35 of the Complaint call for a legal conclusion and, as such, do not require a response. However, to the extent an affirmative

response is deemed to be required, Monarch admits the personal jurisdiction of the United States District Court for the District of Maryland.

45. Monarch admits the allegations contained in ¶ 45 of the Complaint.

46. Monarch denies the allegations contained in ¶ 46 of the Complaint.

47. Monarch denies the allegations contained in ¶ 47 of the Complaint.

48. Monarch denies the allegations contained in ¶ 48 of the Complaint.

49. Monarch denies the allegations contained in ¶ 49 of the Complaint.

50. Monarch denies the allegations contained in ¶ 50 of the Complaint and denies any violations or wrongdoing to the extent alleged therein.

51. Monarch denies the allegations contained in ¶ 51 of the Complaint.

52. Monarch denies the allegations contained in ¶ 52 of the Complaint.

53. Monarch denies the allegations contained in ¶ 53 of the Complaint for lack of sufficient information to justify a reasonable belief therein and further denies any violations or wrongdoing to the extent alleged.

## CAUSES OF ACTION

### Count 1

54. In response to ¶ 54 of the Complaint, Monarch reasserts the foregoing responses as if fully incorporated herein.

55. Monarch denies the allegations contained in ¶ 55 of the Complaint.

56. Monarch denies the allegations contained in ¶ 56 of the Complaint.

57. Monarch denies the allegations contained in ¶ 57 of the Complaint.

58. Monarch denies the allegations contained in ¶ 58 of the Complaint.

59. Monarch denies the allegations contained in ¶ 59 of the Complaint.

60. Monarch denies the allegations contained in ¶ 60 of the Complaint, as the TCPA speaks for itself and is the best evidence of its contents and purposes.

61. Monarch denies the allegations contained in ¶ 61 of the Complaint, as the TCPA speaks for itself and is the best evidence of its contents and purposes.

62. Monarch denies plaintiff is entitled to the relief sought in ¶ 62 of the Complaint.

**Count 2**

63. In response to ¶ 63 of the Complaint, Monarch reasserts the foregoing responses as if fully incorporated herein.

64. Monarch denies the allegations contained in ¶ 65 of the Complaint, as the TCPA speaks for itself and is the best evidence of its contents and purposes.

65. Monarch denies plaintiff is entitled to the relief sought in ¶ 65 of the Complaint.

**Count 3**

66. Monarch denies the allegations contained in ¶ 66 of the Complaint.

**Count 4**

67. Monarch denies the allegations contained in ¶ 67 of the Complaint.

**Count 5**

68. Monarch denies the allegations contained in ¶ 68 of the Complaint.

**Count 6**

69. Monarch denies the allegations contained in ¶ 69 of the Complaint.

**DAMAGES AND RELIEF REQUESTED**

70. Monarch denies plaintiff is entitled to the relief sought in ¶ 70.

71. Monarch denies plaintiff is entitled to the relief sought in ¶ 71.

72. Monarch denies plaintiff is entitled to the relief sought in ¶ 72.

73. Monarch denies plaintiff is entitled to the relief sought in ¶ 73.

74. Monarch denies plaintiff is entitled to the relief sought in ¶ 74.

75. Monarch denies plaintiff is entitled to the relief sought in ¶ 75.

**PRAYER FOR RELIEF**

76. Monarch denies plaintiff is entitled to the relief sought.

**DEMAND FOR JURY TRIAL**

78. Plaintiff's demand for a jury trial does not require a response. To the extent an affirmative response is deemed to be required, Monarch denies plaintiff is entitled to a jury trial.

**OBJECTION TO FOR FEE MEDIATION**

79. Plaintiff's objection to any for-fee mediation does not require a response.

AND NOW, in further Answer to the Complaint, Monarch avers as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Monarch upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The alleged claims are time barred to the extent they concern calls made or conduct occurring more than one year before plaintiff filed this lawsuit.

**THIRD AFFIRMATIVE DEFENSE**

At relevant times, Monarch called telephone number 301-620-2250 in connection with three different accounts in the names of two different persons. To the extent plaintiff may have verbally instructed Monarch to cease calling telephone number 301-620-2250 in connection with one of the three accounts referenced above, Monarch ceased calling the number in connection with that account. To the extent plaintiff failed to alert Monarch that calls were being placed to telephone number 301-620-2250 in connection with other accounts or to the extent plaintiff failed to instruct Monarch to cease calling telephone number 301-620-2250 with respect to any such other accounts, Monarch's subsequent calls to telephone number 301-620-2250 in connection with such other accounts were not prohibited, and one or more of plaintiff's claims allegedly arising as a result of such calls are barred by the doctrine of estoppel and failure to mitigate and/or were caused by the Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

At relevant times, Monarch called telephone number 301-620-2250 in connection with three different accounts in the names of two different persons. To the extent plaintiff may have verbally instructed Monarch to cease calling telephone number 301-620-2250 in connection with one of the three accounts referenced above, Monarch ceased calling the number in connection with that account. To the extent plaintiff failed to alert

Monarch that calls were being placed to telephone number 301-620-2250 in connection with other accounts or to the extent plaintiff failed to instruct Monarch to cease calling telephone number 301-620-2250 with respect to any such other accounts, Monarch's subsequent calls to telephone number 301-620-2250 in connection with such other accounts were not prohibited. Further, to the extent Monarch is deemed to have been obligated by plaintiff's alleged verbal request to cease calling telephone number 301-620-2250 in connection with one such account to investigate its records to determine whether Monarch was calling telephone number 301-620-2250 in connection with any other account, any failure to undertake that investigation or to correctly investigate or identify such other accounts and cease calls to telephone number 301-620-2250 in connection with such accounts was an unintentional mistake, which constitutes a *bona fide* error as contemplated by the FDCPA.

**FIFTH AFFIRMATIVE DEFENSE**

All of Monarch calls to telephone number 301-620-2250 were initiated to a landline, were made for the commercial purpose of debt collection, and did not include the transmission of any unsolicited advertisement for any product or service, and are therefore exempt from the TCPA.

**SIXTH AFFIRMATIVE DEFENSE**

All of Monarch calls to telephone number 301-620-2250 were intended for persons other than plaintiff and with whom Monarch had a business relationship, and are therefore exempt from the TCPA.

WHEREFORE, Defendant Monarch prays that this action be dismissed with prejudice and at plaintiff's costs, and further that Monarch be awarded its costs and attorneys fees and any other appropriate relief.

Respectfully submitted,

/s/ Erin O. Millar
Erin O. Millar (Bar No. 28235)
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, MD 21202-1626
Telephone (410) 659-6424
Facsimile (410) 223-4309
Email: emillar@wtplaw.com

and

Justin H. Homes – PHV (La. Bar No. 24460)
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.**
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: jhomes@sessions-law.biz

***Attorneys for Defendant,***
***Monarch Recovery Management, Inc.***

**CERTIFICATE OF SERVICE**

I certify that on November 11, 2011, a copy of the foregoing Defendant Monarch Recovery Management, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210

***Attorney for Plaintiff***

/s/ Erin O. Millar
Erin O. Millar (Bar No. 28235)