UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN M. LYNN,<br><br>    Plaintiff,<br><br>v.<br>MONARCH RECOVERY<br>MANAGEMENT, INC.,<br><br>    Defendant. | Case No: 1:11-cv-02824-WDQ |

## DEFENDANT, MONARCH RECOVERY MANAGEMENT, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

Defendant, Monarch Recovery Management, Inc. ("Monarch"), through counsel, and pursuant to the Federal Rules of Civil Procedure, hereby responds to the Interrogatories propounded by Plaintiff, Kevin M. Lynn, as follows:

**INTERROGATORY NO. 1:** Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, and state the subject matter of the personal knowledge possessed by each such person. (*U.S.D.C. for Maryland Standard Interrogatory #1*).

**RESPONSE:**

The following individuals are current employees who may have knowledge regarding the facts at issue in the Complaint:

    1.    Anthony Mazzacano, Chief Strategy Officer/Owner
    2.    Diane Mazzacano, Chief Administrative Officer/Owner
    3.    James Knauss, Vice President of Operations
    4.    Dara Laughlin, Collector

The following individuals are former employees who may have knowledge regarding the facts at issue in the Complaint:

1. Nikole Stampone, Collector
   10825 E. Keswick, Apt 234
   Philadelphia, PA

2. Moses Alvin Dukuly, Collector
   825 Waterview Lane
   Philadelphia, PA

Subject to the foregoing, Monarch will supplement its response as investigation and discovery continue.

**INTERROGATORY NO. 2:** Identify fully any person or entity on whose behalf you were calling for any calls made to 301-620-2250 by you or any person or entity calling that number on your behalf, and identify all persons with knowledge of this.

**RESPONSE:**

Monarch objects to this Interrogatory as overbroad and unlimited in time. Subject to the foregoing, any calls Monarch initiated to landline telephone number 301-620-2250 between approximately July 12, 2010 and July 6, 2011, were placed by Monarch in connection with its efforts to collect accounts placed with it by Asset Acceptance, LLC and Security Credit Service. See Response to Interrogatory No. 1, above, for an identification of the persons with knowledge of these facts.

**INTERROGATORY NO. 3:** If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in your defense

or claim, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them. (*Maryland Standard General Interrogatory #3*).

**RESPONSE:**

See the documents produced in response to Requests for Production of Documents submitted concurrently with these Answers. Subject to the foregoing, Monarch will supplement its response as investigation and discovery continue.

**INTERROGATORY NO. 4:** If any document that is or would have been enabled you to answer an Interrogatory, or is responsive to any of Plaintiff's Request for Production of Documents to you, was destroyed, lost, mislaid, overwritten, altered, or otherwise missing, identify the document, state the date of and reason it was destroyed, altered, or lost, and identify all persons having knowledge of its contents and/or the reason for such destruction, alteration or loss, including electronically kept documents or information.

**RESPONSE:**

To the best of Monarch's current knowledge, information and belief, there are no such documents.

**INTERROGATORY NO. 5:** Identify any persons or entities whom Defendant contends are persons needed for just adjudication within the meaning of Fed. R. Civ. P. 19, but who have not been named by Plaintiff. (*U.S.D.C. for Maryland Standard*

*Interrogatory #5).*

**RESPONSE:**

None. Subject to the foregoing and to the extent necessary, Monarch will supplement its response investigation and discovery continue.

**INTERROGATORY NO. 6 :** Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint or in your answer to the complaint, and state the subject matter of the personal knowledge possessed by each such person. *(U.S.D.C. for Maryland Standard Interrogatory #6).*

**RESPONSE:**

See Response to Interrogatory No. 1, above.

**INTERROGATORY NO. 7:** If you have any knowledge of any person carrying on an insurance business that might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, identify that person, identify that person and state the applicable policy limits of any insurance agreement under which the person might be liable. *(U.S.D.C. for Maryland Standard Interrogatory #7).*

**RESPONSE:**

See the documents produced in response to Request for Production of Documents No. 8 submitted concurrently with these Answers.

**INTERROGATORY NO. 8:** For each witness identified by you in connection with

the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefor. (*U.S.D.C. for Maryland Standard Interrogatory No. 8*).

**RESPONSE:**

Monarch does not presently intend to offer expert testimony under Federal Rule of Evidence 702, 703 or 705 at the trial of this matter. Monarch will supplement its response if its intentions change as investigation and discovery continue.

**INTERROGATORY NO. 9:** State the date, time, and originating number for every call made to 301-620-2250 by you or any person calling or acting on your behalf, and identify all persons with knowledge of these calls.

**RESPONSE:**

Monarch is investigating its response. Upon reasonable investigation and present belief, any calls Monarch initiated to landline telephone number 301-620-2250 between approximately July 12, 2010 and July 6, 2011 could have originated from the phone numbers identified on the attached listing. The date, time and content of calls are set forth in the relevant account records which, for the reasons expressed in response to Request for Production of Documents No. 5 submitted concurrently with these Answers, cannot be produced without an appropriate confidentiality agreement or order. See privilege log attached.

**INTERROGATORY NO. 10:** Describe in detail any and all events, actions,

circumstances, facts or other basis which you contend, demonstrate, provide support for, or relate to any and all of your defenses.

**RESPONSE:**

See Monarch's Amended Answer to Complaint and the documents produced herewith. Subject to the foregoing, Monarch will supplement its response as investigation and discovery continue.

**INTERROGATORY NO. 11:** State all facts upon which you base any assertion that the Plaintiff gave prior express permission or consent to be called by your or any persons calling or acting on your behalf, and identification of all persons with knowledge of these facts.

**RESPONSE:**

None.

**INTERROGATORY NO. 12:** Identify and describe the substance of all communications you or your employees, clients, agents or contractors have had with the Plaintiff, and state the date and time of each communication, including the length, date, time, location and method (phone, fax, e-mail, mail, overnight mail) of each communication, and the address, phone number, fax number or e-mail address used in each communication.

**RESPONSE:**

See Response to Interrogatory No. 9, above.

**INTERROGATORY NO. 13:** State the facts upon which you base any assertion that any debt which you were attempting to collect or obtain information about during any call made to Plaintiff or 301-620-2250 was not a '*debt*' as defined in the Definitions herein, and identify all persons with knowledge about the nature of the debt or alleged debt.

**RESPONSE:**

Monarch objects to this Interrogatory as overbroad and unlimited in time. Subject to the foregoing, none at this time.

**INTERROGATORY NO. 14:** Identify any and all persons other than your counsel with whom you have discussed the substance or allegations of the Complaint or any amended Complaint, including your own employees.

**RESPONSE:**

See the individuals identified in Response to Interrogatory No. 1, above.

**INTERROGATORY NO. 15:** Describe fully your involvement in and knowledge of the calls alleged in this suit, including but not limited to the creation, initiation, delivery, arrangement or coordination of the necessary phone lines, provision of numbers, provision of any script or prerecorded message, or any other product or service in any way related to the alleged calls.

**RESPONSE:**

Monarch objects to this Interrogatory as vague and ambiguous. Monarch does not understand this Interrogatory.

**INTERROGATORY NO. 16:** Identify any and all persons who made or assisted you in making any calls for you to Plaintiff or 301-620-2250.

**RESPONSE:**

Monarch objects to this Interrogatory as overbroad and unlimited in time. Subject to the foregoing, see the individuals identified in Monarch's Response to Interrogatory No. 1, above.

**INTERROGATORY NO. 17:** Identify fully all persons who approved the making of the calls to the Plaintiff by or for you or on your behalf.

**RESPONSE:**

Monarch objects to this Interrogatory as overbroad and unlimited in time and scope. Subject to the foregoing, see the individuals identified in Monarch's Response to Interrogatory No. 1, above.

**INTERROGATORY NO. 18:** Explain and describe how you determine that any call alleged in this suit was or was not made to the Plaintiff by you, or by any employee, agent or contractor of yours, and identify all persons who made or have knowledge of how any of these determinations were made.

**RESPONSE:**

Monarch determined that the calls identified in ¶ 23 of the Complaint were initiated by Monarch by comparing those allegations with Monarch's records of the relevant accounts identified in Response to Interrogatory No. 2, above.

8

**INTERROGATORY NO. 19:** Identify fully all sources from where you obtained the Plaintiff's phone number(s), the date it was obtained, and the value of any payment or consideration provided for the number.

**RESPONSE:**

On July 13, 2010, Monarch obtained telephone number 301-620-2250 from Lexis/Nexis as a possible match to the account holder concerning Account No. x0495. On March 9, 2011, Monarch obtained telephone number 301-620-2250 from Lexis/Nexis as a possible match to the account holder concerning Account No. x7850. On January 31, 2011, Monarch obtained telephone number 301-620-2250 from Lexis/Nexis as a possible match to the account holder concerning Account No. x1032.

**INTERROGATORY NO. 20:** State the entire content of any message you intended to deliver or assert that you actually delivered in any call made to Plaintiff or 301-620-2250.

**RESPONSE:**

See Monarch's Response to Request for Production No. 7 submitted concurrently with these Responses.

**INTERROGATORY NO. 21:** State fully the purpose(s) for which each of the alleged calls were made or attempted to be made to the Plaintiff or 301-620-2250 by you or any person or entity calling on your behalf.

**RESPONSE:**

Monarch initiated the calls identified in ¶ 23 of the Complaint to landline number 301-620-2250 in an attempt to collect one or more debts.

**INTERROGATORY NO. 22:** State all facts for any assertion you have that the calls to Plaintiff or 301-620-2250 were not made by an *automatic telephone dialing system* as defined herein.

**RESPONSE:**

None at this time.

_____
Justin H. Homes – PHV (La. Bar No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana  70002-7227
Telephone:   (504) 828-3700
Facsimile:   (504) 828-3737
Email:       jhomes@sessions-law.biz

And

Erin O. Millar
Federal Bar No. 28325
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, MD  21202-1636
Telephone: 410-347-8700
Facsimile: 410-234-2377
E-mail: emillar@wtplaw.com

*Attorneys for Defendant,*
*Monarch Recovery Management, Inc.*

## VERIFICATION

The undersigned, under the penalties as provided by law, hereby verifies and certifies that the statements contained in the foregoing Responses to Defendant's Discovery Requests are true and accurate, except as to those matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she/he verily believes the same to be true.

_____
Signature

__Anthony Mazzacano__
Printed Name

__SVP/Chief Strategy Officer__
Title

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2011, a copy of the above and foregoing was forwarded to all counsel of record by placing a copy of same in the United States Mail, postage prepaid, to the following:

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210

_____
Justin H. Homes
E-mail: jhomes@sessions-law.biz

\\sfnfs02\prolawdocs\9624\9624-28265\Lynn, Kevin M\592383.doc

11