UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KEVIN M. LYNN,

    Plaintiff,

v.

MONARCH RECOVERY
MANAGEMENT, INC.,

    Defendant.

Case No: 1:11-cv-02824-WDQ

### STIPULATED ORDER REGARDING CONFIDENTIALITY OF MONARCH RECOVERY MANAGEMENT, INC.'S DECEMBER 5, 2011 PRIVILEGE LOG MATERIALS AND INFORMATION

Whereas, the parties have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this ___ day of June, 2012, by the United States District Court for the District of Maryland, ORDERED:

1. <u>Designation of Documents Identified on Monarch Recovery Management, Inc. ("Monarch") Privilege Log as Confidential.</u> The documents specifically identified in Monarch's December 5, 2011 Privilege Log (hereinafter, "Confidential Documents and Information") shall be subject to this Order, as set forth below:

    (a) Portions of depositions taken in the above-numbered and captioned matter referencing or directly pertaining to Confidential Documents and Information shall be deemed confidential and subject to this Order.

    (b) Confidential Documents and Information shall not be used or disclosed by the parties or counsel for the parties or any persons identified in

subparagraph (c) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(c)   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Documents and Information to any other person or entity, except that disclosures may be made in the following circumstances:

(i)   Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided a copy of, and become subject to, the provisions of this Order requiring that the Confidential Documents and Information be held in confidence.

(ii)   Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the Confidential Documents and Information was disclosed.

(iii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) With specific regard to the account records identified on Monarch's December 5, 2012 Privilege Log, disclosure may be made to

any debtor, consumer, creditor or purchaser of those accounts for the purpose of obtaining from such persons any information or documents that are relevant to this controversy..

(d)     Except as provided in subparagraph (c) above, counsel for the parties shall keep all Confidential Documents and Information received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(e)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Confidential Documents and Inforomation under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.      <u>Confidential Documents and Information Filed with Court</u>.  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Documents and Information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion").  The Interim Sealing Motion shall be governed by L.R. 105.11.

3.      <u>Return of Confidential Documents and Information at Conclusion of Litigation</u>.  At the conclusion of the litigation, all Confidential Documents and

Information under this Order and not received in evidence shall be returned to Monarch. If Monarch so stipulates, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

---

UNITED STATES DISTRICT COURT JUDGE

Approved as to form:

*[signature]*
Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
Telephone: (410) 557-6192
Facsimile: (410) 510-1870
*Attorney for Plaintiff*

*[signature]*
Erin O. Millar (Bar No. 28235)
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, MD 21202-1626
Telephone (410) 659-6424
Facsimile (410) 223-4309
Email: emillar@wtplaw.com

and

*[signature]*
Justin M. Homes – PHV (La. Bar No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: jhomes@sessions-law.biz

*Attorneys for Defendant,*
*Monarch Recovery Management, Inc.*

\\sfnfs02\prolawdocs\9624\9624-28265\Lynn, Kevin M\805758.doc