**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| | * | |
| KEVIN M. LYNN, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Case No.: WDQ-11-2824 |
| | * | |
| MONARCH RECOVERY MGMT., INC, | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This Memorandum Opinion and its accompanying Order address Plaintiff Kevin M. Lynn's Motion to Compel Discovery, ECF No. 24-1; Defendant Monarch Recovery Management, Inc.'s Memorandum in Response to Plaintiff's Motion to Compel, ECF No. 24-3; and Plaintiff's Reply, ECF No. 24-7.[1]  In his motion, Plaintiff seeks to compel answers to seven of his interrogatories (numbers 1, 6, 9, 12, 15, 16, and 17), five of his document production requests (numbers 11, 12, 15, 18, and 19), and seven of his requests for admissions (numbers 1, 4, 5, 7, 8, 9, and 10).  Pl.'s Mot. 1.  For the reasons stated herein, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.  Accordingly, this Memorandum Opinion and its accompanying Order dispose of ECF Nos. 24, 24-1, 24-3, and 24-7.

## I.    BACKGROUND

Substantively, this case involves Plaintiff's allegations that Defendant violated the federal and state Telephone Consumer Protection Acts by repeatedly calling Plaintiff using an

---

[1] Judge Quarles referred this case to me to handle all discovery and related scheduling matter on April 17, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302.  ECF No. 25.

"automatic telephone dialing system," or an artificial or prerecorded voice, without Plaintiff's express consent. *See generally* Compl., ECF No. 2; 47 U.S.C. § 227 (federal statute); Md. Code Ann., Com. Law §§ 14-3201–14-3202 (Maryland statute).   Plaintiff alleges that, as a result of Defendant's repeated telephone calls, he suffered actual damages, "including phone charges for both the incoming calls and the caller ID information for each call," Compl. ¶ 24, and various noneconomic damages, for, *inter alia*, disruption of "Plaintiff's peace of mind," *id.* ¶ 30.

Plaintiff served interrogatories, document production requests, and requests for admission on Defendant on October 20, 2011.  Pl.'s Mot. ¶ 1.  Defendant served its discovery responses on Plaintiff on December 5, 2011.  *Id.* ¶ 2.  At various times thereafter, counsel conferred with each other regarding what Plaintiff views as deficiencies in Defendant's discovery responses, as this Court's Local Rules require.  *See id.* ¶¶ 3–6; D. Md. Loc. R. 104.7; Loc. R. 104.8.b.  On April 13, 2012, Plaintiff filed a Local Rule 104.7 certificate, stating that counsel had conferred regarding discovery disputes for approximately one hour on December 14, 2011 at 2:30 PM.  *See* Pl.'s Loc. R. 104.7 Certificate 1, ECF No. 24; *see also* Pl.'s Mot. 1 (itemizing the discovery disputes requiring resolution by the Court).  Not all issues were resolved at that conference.  *Id.* Consequently, pursuant to Local Rule 104.8, Plaintiff appended to his certificate a copy of his Motion to Compel and all memoranda exchanged by the parties.  Thus, briefing of Plaintiff's Motion to Compel is complete and pending determination by this Court.[2]  Plaintiff's motion

---

[2] On April 30, 2012, Plaintiff's counsel wrote to the Court that counsel had been productively conferring in an effort to resolve without Court intervention the discovery disputes raised in Plaintiff's Motion to Compel. *See* Pl.'s Apr. 30, 2012 Ltr. 1, ECF No. 26. Accordingly, counsel requested that "the Court wait until [hearing further from counsel] to spend time on this particular Motion." *Id.* On May 14, 2012, Plaintiff's counsel wrote to the Court, listing those items in Plaintiff's Motion to Compel on which the parties had been able to reach agreement and those for which Court resolution remained necessary. *See* Pl.'s May 14, 2012 Ltr. 1–2, ECF No. 27 (requesting that the Court resolve the parties' disputes regarding Document Production Request #18 and Interrogatory #15 and noting resolution of all other disputes). However, on

requests that the Court compel answers to seven of his interrogatories, five of his document production requests, and seven of his requests for admissions.  *See* Pl.'s Mot. 1.

## II.   DISCUSSION

Federal Rule of Civil Procedure 37(a) provides that, where notice has been given, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action,"  Fed. R. Civ. P. 37(a)(1); *see also* D. Md. Loc. R. 104.7, and must be made "in the court where the action is pending," Fed. R. Civ. P. 37(a)(2).  Interrogatories, document production requests, and requests for admission all are properly the subject of a motion to compel discovery under Rule 37.  *See* Fed. R. Civ. P. 37(a)(3)(B).

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed. R. Civ. P. 26(b)(1).  *See, e.g.*, Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 34(a) (stating that document production requests must be "within the scope of Rule 26(b)"); Fed. R. Civ. P. 36(a)(1) (limiting requests to admission to "any matters within the scope of Rule 26(b)(1)").  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(3) (explaining that work product or trial preparation material ordinarily is not discoverable).  If good cause is

---

May 28, 2012, Plaintiff's counsel again wrote to the Court, stating that, since his May 14, 2012 letter, he has "not received any of the discovery promised to [him] by [Defendant] and its counsel."  Pl.'s May 28, 2012 Ltr. 1, ECF No. 29.  Accordingly, counsel stated, he "consider[s] as unresolved the items that had been identified in [his] May 14 letter as having been resolved."  *Id.*  Thus, all of the disputes raised in Plaintiff's Motion to Compel remain ripe for review.

shown, the Court "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In addition, "[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C)." *Id.*; *see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 260 n.10 (D. Md. 2008).

Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

### A.  Answers to Interrogatories

Federal Rule of Civil Procedure 33 governs interrogatories to parties. Interrogatories may "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Interrogatories must be answered "by the party to whom they are directed," or, where that party is a corporation, partnership, organization, or agency, "by any officer or agent, who must furnish

the information available to the party."[3]  Fed. R. Civ. P. 33(b)(1).  To the extent they are not

objected to, each interrogatory must "be answered separately and fully in writing under oath."

Fed. R. Civ. P. 33(b)(3).  The party served with an interrogatory may object to the interrogatory

if a legitimate basis for doing so exists.  *See* Fed. R. Civ. P. 33(b)(4).  For example, a party may

object that the interrogatory exceeds the scope of discovery permitted by Fed. R. Civ. P.

26(b)(1), or that it would require the disclosure of attorney-client privileged or work product

protected material, Fed. R. Civ. P. 26(b)(3).  If the responding party objects to an interrogatory,

the grounds for objecting "must be stated with specificity."[4]  Fed. R. Civ. P. 33(b)(4); *see also* D.

Md. Loc. R. 104.6.    In other words, objections to interrogatories must be specific, non-

boilerplate, and supported by particularized facts where necessary to demonstrate the basis for

the objection.  *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of*

*Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill,*

---

[3] Where the requesting party may determine the answer to an interrogatory by "examining, auditing, compiling, abstracting, or summarizing a party's business records," including digital records, the responding party may answer "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," and "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."  Fed. R. Civ. P. 33(d).  Such an answer is appropriate only where "the burden of deriving or ascertaining the answer will be substantially the same for either party."  *Id.*; *see also United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005) ("Rule 33 production is suited to those discovery requests requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents.  Accordingly, Rule 33 is well-suited to reply to inquiries of an intensely objective nature."); *see also Hege v. Aegon USA, LLC*, No. 8:10-cv-01578-GRA, 2011 WL 1119871, at *2 (D.S.C. Mar. 25, 2011) (citing *Nat'l Fire Ins. Co. v. Jose Trucking Corp.*, 264 F.R.D. 233, 239 (W.D.N.C. 2010); *SEC v. Elfindepan, S.A.*, 206 F.R.D. 574, 576–77 (M.D.N.C. 2002)) (noting that the Fourth Circuit has not explicitly stated a standard "for evaluating a Rule 33(d) response" and outlining the approach taken by the majority of district courts in the Fourth Circuit).

[4] If a party objects on attorney-client privilege or work product grounds, the objection must be particularized, *see* Fed. R. Civ. P. 26(b)(5)(A), and it must be accompanied by the information required by this Court's Discovery Guidelines, *see* D. Md. Loc. R., App'x A, Guidelines 7 & 10.d.  Failure to do so may result in waiver.  *Victor Stanley, Inc.*, 250 F.R.D. at 263–67.

*Inc.*, 196 F.R.D. 35, 38–39 (D. Md. 2000).   The failure to state with specificity the grounds for an objection may result in waiver of the objection, unless the Court excuses the failure for good cause shown.   Fed. R. Civ. P. 33(b)(4); *Hall*, 231 F.R.D. at 474; *Victor Stanley, Inc.*, 250 F.R.D. at 263–67.   Rule 33(b)(4) "should be read in light of Rule 26(g)," which authorizes the Court "to impose sanctions on a party and attorney making an unfounded objection to an interrogatory." Fed. R. Civ. P. 33 Advisory Committee Note (1993); *see* Fed. R. Civ. P. 26(g)(1)(B), (g)(3).

### 1.   Interrogatories #1 and #6

Plaintiff's Interrogatory #1 states: "Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, and state the subject matter of the personal knowledge possessed by each such person."   Pl.'s Mot. 2.   Plaintiff's Interrogatory #1 is this Court's Standard Interrogatory No. 1.[5]   *See id.*; *see also* D. Md. Loc. R., App'x D, Standard Forms, at 135.   In its answer, Defendant lists the names and job titles of four current employees "who may have knowledge regarding the facts at issue in the complaint."   Pl.'s Mot. 2. Defendant also lists the names, job titles, and addresses (without zip codes) of two former employees "who may have knowledge regarding the facts at issue in the complaint."   Pl.'s Mot. 2.   Lastly, Defendant notes that it intends to "supplement its response [to this interrogatory] as investigation and discovery continue."   *Id.*   Plaintiff's Interrogatory #6, which is this Court's Standard Interrogatory No. 6, states: "Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint or in your answer to the complaint, and state the

---

[5] I note that Standard Interrogatory No. 1 is a standard interrogatory to a plaintiff.   *See* D. Md. Loc. R., App'x D, at 135.   In this case, Plaintiff submitted this interrogatory to Defendant. Plaintiff also submitted Standard Interrogatory No. 6 to Defendant.   Standard Interrogatory No. 6 is a standard interrogatory to a defendant.   *See id.* at 136.   The two interrogatories are largely repetitive, and Plaintiff would have obtained the same information by submitting only No. 6. Plaintiff should not have propounded both interrogatories; doing so would impose unnecessary burden and expense on Defendant, and would violate Fed. R. Civ. P. 26(g)(1)(B)(ii).

subject matter of the personal knowledge possessed by each such person." *Id.* at 3.   In its answer, Defendant instructs Plaintiff to "[s]ee Response to Interrogatory No. 1, above." *Id.*

Plaintiff argues that Defendant's answers to Interrogatories #1 and #6 fail to "state the subject matter of the personal knowledge that any of these employees have about this case." *Id.* at 2.   Additionally, Plaintiff states that Defendant's answers fail to "provide any phone numbers, or zip codes, which are discoverable and necessary to contact and possibly depose these actual or potential discovery or trial witnesses." *Id.*   In its response to Plaintiff's motion, Defendant provides previously undisclosed information about the subject matter of the personal knowledge that the four present and two former employees may have; identifies three additional persons who may have relevant personal knowledge and states the subject matter of their knowledge; and provides the last known zip codes of the two former employees.   *See* Def.'s Resp. 1–3.   In his reply, Plaintiff acknowledges Defendant's supplementation of its answers to Interrogatories #1 and #6, but complains that Defendant has yet to supply telephone numbers for the two former employees.[6]   *See* Pl.'s Reply 2–3.   Thus, the dispute with regard to Interrogatories #1 and #6 appears to boil down to one question: Should Defendant be compelled to provide to Plaintiff telephone contact information for the two former employees listed in their original answer?

A party responding to an interrogatory "must furnish information that is available to it and that can be given without undue labor and expense."   8B Charles Alan Wright et al., *Fed.*

---

[6] Plaintiff's reply also states that Defendant "should be ordered to identify what knowledge these two former employees have," mistakenly asserting that Defendant "only [made] the generic statement that these former employees 'may have knowledge regarding the facts at issue in the complaint,' which does not really state anything about what they know or may know."   Pl.'s Reply 3.   While Defendant's original answer stated only that the two former employees "may have knowledge regarding the facts at issue in the complaint," Pl.'s Mot. 2, Defendant's response to Plaintiff's motion provides sufficient additional detail: According to Defendant, "Nikole Stampone is a former Monarch collector who may have knowledge regarding collection of the subject accounts," and "Moses Dukuly is a former Monarch collector who may have knowledge regarding collection of the subject accounts."   Def.'s Resp. 2; *see also* Pl.'s Mot. 2.

*Prac. & Proc. Civ.* § 2174 (3d ed. 2012); *id.* § 2177 ("Though there are limits on the extent to which a party can be required to hunt out information in order to answer interrogatories, it will be required to provide facts available to it without undue labor and expense."). Put differently, a party must "provide relevant facts reasonably available to it but should not be required to enter upon independent research in order to acquire information merely to answer interrogatories." *Id.* § 2174. Appendix D of this Court's Local Rules provides a number of useful standard forms and definitions. Included in this Appendix are the Court's standard interrogatories. Appendix D also contains a sample definitional section, which the parties may include in their interrogatories, or to which the Court may refer for guidance. The definition of "identify (with respect to persons)" included in that section provides: "When referring to a person, to 'identify' means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. *If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided.*" D. Md. Loc. R., App'x D, Def. 4, at 134 (emphasis added). Because there is no contention that these phone numbers are outside the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), and in light of the definition stated above, to the extent that either the business or home telephone numbers of the two former employees are known to Defendant or may be obtained without undue burden or expense, Defendant is DIRECTED to provide them to Plaintiff within fourteen (14) days of this Order. Thus, with regard to Interrogatories #1 and #6, Plaintiff's Motion to Compel is GRANTED.

### 2.  Interrogatories #9 and #12

Plaintiff's Interrogatory #9 states: "State the date, time, and originating number for every call made to 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 by you or any person calling or acting on your behalf, and identify all

persons with knowledge of these calls." Pl.'s Mot. 3. In its answer, Defendant states that it is further investigating its response. *Id.* Nonetheless, Defendant attaches a listing, showing telephone numbers from which the calls to Plaintiff's phone number could have been made. *See id.* According to Defendant, the date, time, and content of the calls included on the listing "are set forth in the relevant account records," which Defendant feels, "cannot be produced without an appropriate confidentiality agreement or order." *Id.* Plaintiff's Interrogatory #12 states: "Identify and describe the substance of all communications you, your employees, contractors, or agents have initiated or had with [Plaintiff], and state the date and time of each communication, including the length, date, time, location[,] and method (phone, fax, e-mail, mail) of each communication, and the address, phone number, fax number[,] or e-mail address used in each communication, including the number and/or carrier from which any call or fax was initiated." *Id.* Defendant's answer directs Plaintiff to its response to Interrogatory #9. *Id.* at 4.

Plaintiff argues in his motion that Defendant "needs to identify which calls to [Plaintiff] came from which of the many numbers included in the list, and not just respond with 'could have originated from the phone numbers' in the list." *Id.* Defendant responds that it is "unable to provide any further clarification beyond that already produced and provided in response to Interrogatory No. 12." Def.'s Resp. 4. Additional information is necessary, Plaintiff replies, so that Plaintiff can, at the very least, issue a subpoena Defendant's telecommunications carrier to obtain the necessary information. Pl.'s Reply 4. Without additional detail, Plaintiff is unable to define a narrow search for the telecommunications carrier, and therefore is unable to obtain the documents by subpoena. *See id.*; *see also* Fed. R. Civ. P. 45(c)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Essentially, Plaintiff requests

that Defendant match each call made to Plaintiff with the originating office and telephone number.  Because Defendant has not made any particularized showing that it is unable to do so "without undue labor and expense," it is DIRECTED to provide this information within fourteen (14) days.  Thus, as to Interrogatory #9, Plaintiff's Motion to Compel is GRANTED.

Defendant's objection to production of the account records that would satisfy Plaintiff's Interrogatory #12 is not unqualified.  *See* Pl.'s Mot. 3–4; *see also* Fed. R. Civ. P. 33(d) (explaining when business records may be produced as an alternative to answering the interrogatories).  Rather, Defendant states that such documents "cannot be produced without an appropriate confidentiality agreement or order."  Pl.'s Mot. 3.  Subsequent to the filing of Plaintiff's Motion to Compel and Defendant's response thereto, the parties' supplied, and I approved, a stipulated confidentiality order governing production of these documents.  *See* Stipulated Confidentiality Order, ECF No. 37.  In light of this order, Plaintiff's Motion to Compel is GRANTED as to Interrogatory #12.  Defendant will produce the responsive documents to Plaintiff within fourteen (14) days, subject to the terms of the confidentiality order.

### 3.  Interrogatory #15

Plaintiff's Interrogatory #15 states: "Describe fully your involvement in and knowledge of the calls alleged in this suit, including but not limited to the creation, initiation, delivery, arrangement or coordination of the necessary phone lines, provision of numbers, provision of any script or prerecorded message, or any other product or service in any way related to the alleged calls."  Pl.'s Mot. 4.  Defendant objected to this interrogatory "as vague and ambiguous," noting that Defendant "does not understand this interrogatory."  *Id.*  Plaintiff argues that responses to this interrogatory should be compelled because Defendant has failed to answer, giving only "a frivolous objection that [Defendant] could not understand this perfectly

straightforward question to describe [Defendant's] involvement with the collection calls at issue." *Id.* In its response, Defendant notes that subsequent conversations with Plaintiff's counsel have indicated that, through Interrogatory #15, counsel may be "seeking the identity of the person(s) responsible for [Defendant] dialer campaigns." *Id.* To that end, Defendant supplements its response by referring Plaintiff to its response to Interrogatory #1, "identifying Anthony Mazzacano, as Chief Strategy Officer/Owner who manages [Defendant's] dialer and telephone resources and has knowledge and information regarding the dialer and dialer technology, and Brian Holmes as the person who builds and manages [Defendant's] dialer campaigns." *Id.* In his reply, Plaintiff states that his interrogatory "does not seek the identity of employees," as Defendant appears to believe. Pl.'s Reply 5. Rather, "[i]t seeks a full description of [Defendant's] involvement in and knowledge of the calls alleged in the suit." *Id.*

Generally, the "party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity." *Deakins v. Pack*, No. 1:10-1396, 2012 WL 242859, at *12 (S.D.W. Va. Jan. 25, 2012) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000)); *see also Hall*, 231 F.R.D. at 470 (explaining that objections to interrogatories must be specific and non-boilerplate). Defendant's original answer to Plaintiff's Interrogatory #15 is non-specific and boilerplate, as it asserts only that the interrogatory is "vague and ambiguous," and that Defendant does not understand it. *See* Pl.'s Mot. 4. Defendant elaborates on its objection in its response to Plaintiff's motion, explaining that "[i]t is not clear to [Defendant] what a 'product or service in any way related to the alleged calls' means in context with other aspects of the request which seeks information regarding voice scripts that may have been used in connection with any calls, the hardware used to place the calls, and the 'creation, initiation, delivery, arrangement or coordination' of phone lines and/or phone numbers." Def.'s Resp. 5.

While a responding party "'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories,'" *Deakins*, 2012 WL 242859, at \*12 (quoting *McCoo*, 192 F.R.D. at 694), there are limits to how accommodating the responding party must be in trying to understand and respond to a poorly worded, compound, and ambiguous interrogatory.  I agree that Interrogatory #15 is unnecessarily compound, confusing, and ambiguous.  It is equally clear, however, that the central aim of the interrogatory is to obtain facts relating to the telephone calls that are at issue in this case, which surely is discoverable.  Counsel are DIRECTED to confer to clarify the nature of Plaintiff's request within seven (7) days so that this interrogatory may be answered by Defendant within fourteen (14) days.  In the unlikely event that Plaintiff is unable to clarify its request, or if Defendant unreasonably claims that it is unable to understand the request once it has been clarified, counsel will advise me and I will identify what information must be produced.  I note, however, that it would be unwise for counsel to return this issue to the Court for resolution if they have not undertaken a good faith and reasonable attempt to resolve this dispute.  Thus, as to Interrogatory #15, Plaintiff's Motion to Compel is GRANTED, subject to Plaintiff's clarification.

#### 4.  Interrogatories #16 and #17

Plaintiff's Interrogatory #16 states: "Identify any and all persons who made or assisted you in making calls for you to Plaintiff or 301-620-2250."  Pl.'s Mot. 4.  Plaintiff's Interrogatory #17 states: "Identify fully all persons who approved the making of the calls [sic] on your behalf." *Id.*  Defendant answered both interrogatories by stating that it objected to the questions "as overbroad and unlimited in time." *Id.*  Subject to that objection, Defendant directed Plaintiff to "see the individuals identified in [Defendant's] Response to Interrogatory No. 1, above." *Id.*  In his motion, Plaintiff states that counsel "agreed to limit the question[s] to the [three] accounts

involved, and limit the scope to 2010 to 2011." *Id.* In Plaintiff's view, an answer to Interrogatory #16 "should include [a list of] persons involved in creating any prerecorded voice message that was delivered, as well as live collectors." *Id.* Plaintiff contends that referral to the persons listed in the answer to Interrogatory #1 is insufficient because it requires Plaintiff to guess, among those persons listed, who "really approved the making of the calls." *Id.* at 4–5. Defendant responds that its answer to Interrogatory #1 identifies the collectors who called Plaintiff's number," and identifies the individuals who build and manage Defendant's dialer and telephone resources and campaigns. Def.'s Resp. 5–6. In his reply, Plaintiff states that the persons identified in Defendant's answer to Interrogatory #1 are "managers, supervisors, collectors, technology persons, etc., but not . . . the person(s) who made the calls." Pl.'s Reply 6. "Some person or persons," Plaintiff states, "made the calls," and "Plaintiff wants to know who." *Id.* Additionally, according to Plaintiff, Defendant's answer to Interrogatory #1 does not make clear "who authorized the making of the calls." *See id.* As a result, Plaintiff argues that Defendant's responses are deficient and complete answers should be compelled.

Merely stating that an interrogatory is "overbroad" does "not suffice to state a proper objection." *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3d Cir. 1982)). Instead, the "objecting party must specify which part of a request is overbroad, and why." *Id.* Defendant's objection to Plaintiff's Interrogatories #16 and #17 failed to do so. However, Plaintiff's counsel later agreed to limit the scope of the question to a one year period, from 2010 to 2011. With this limitation in place, I do not find that Interrogatories #16 and #17 are overbroad, and I further find that Defendant's responses are incomplete and evasive, which is tantamount to a failure to answer. *See* Fed. R. Civ. P. 37(a)(4). A party answering

interrogatories must provide to the requesting party all "information that is available to it and that can be given without undue labor and expense." Wright et al., *supra*, § 2174. To the extent that Defendant knows which employees made the calls, as well as who created the prerecorded voice message delivered to Plaintiff, which employees served as live collectors, and which employees authorized the making of the calls, or is able to obtain such information without undue labor and expense, Defendant must provide that information to Plaintiff. Thus, as to Plaintiff's Interrogatories #16 and #17, Plaintiff's Motion to Compel is GRANTED. Accordingly, Defendant is DIRECTED to fully and completely respond to Interrogatories #16 and #17 within fourteen (14) days.

### B. Responses to Document Production Requests

Federal Rule of Civil Procedure 34 governs document production requests. Pursuant to Rule 34, a party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also* Fed. R. Civ. P. 34(b)(2)(C). Thus, a party may object that a document production request exceeds the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); that it should be denied for the grounds stated in Fed. R. Civ. P. 26(b)(2)(C); that it impermissibly requests privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c). All objections to document production requests must be stated with particularity and specificity; objections may not be "boilerplate." *See Hall*, 231 F.R.D. at 470; *Thompson*, 199 F.R.D. at 173; *Marens*, 196 F.R.D. at 38–39.

To the extent that the specific items at issue are relevant and properly discoverable, taking into consideration the Rule 26(b)(2)(C) proportionality factors, and to the extent that they have not been produced by Defendant, Plaintiff's motion to compel should be granted. The motion should be denied, however, if the items are not relevant or discoverable.

### 1.  Document Production Request #11

Plaintiff's Document Production Request #11 requests "[a]ll documents identifying any calls to Plaintiff or 301-620-2250." Pl.'s Mot. 5. Defendant objects to this request "as overbroad and unlimited in time, and as seeking the production of documents containing financial and personal identifying information of third parties that cannot be produced without an appropriate confidentiality agreement or order." *Id.* Plaintiff argues in his Motion to Compel that Defendant's "telephone statements or invoices will show the calls to Plaintiff or [to] his number 301-620-2250," and that "[t]here is no reason these cannot be produced, with [Defendant] redacting calls to other persons that appear on the same statement or invoice page if it chooses." *Id.* In its response, Defendant states that it subsequently has "provided the account notes [to Plaintiff] without a confidentiality agreement, but in a redacted format to preserve the confidential aspects of those documents." Def.'s Resp. 6. According to Defendant, "Plaintiff now has 'all documents identifying any calls to Plaintiff or 301-620-2250' that [Defendant] has in its possession." *Id.* Put simply, Defendant "has nothing further to produce." *Id.* Moreover, Defendant states, "the present request . . . is based on a faulty presumption that [Defendant] is in possession or control of any 'telephone statements or invoices.'" *Id.* at 7. Defendant maintains that it "does not receive an itemized phone bill from the relevant carrier." *Id.*

Rule 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Rule 34 "control" does not require a

party to have legal ownership or actual physical possession of any [of the] documents at issue." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (citation omitted). Instead, "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." *Id.* (citation and internal quotation marks omitted); *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 563–65 (D. Md. 2006). Because Defendant has an account with the telephone carrier, Defendant likely has "the right, authority, or practical ability" to obtain an itemized telephone bill from the carrier, and may be compelled to do so. *See Goodman*, 632 F. Supp. 2d at 515. However, Fed. R. Civ. P. 26(b)(2)(C) instructs the Court to "limit the frequency or extent of discovery otherwise allowed" if, *inter alia*, "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." In light of the foregoing, the parties are DIRECTED as follows: If there are any additional documents not previously produced "identifying any calls to Plaintiff or 301-620-2250" in Defendant's actual possession or custody, Defendant must produce them, subject to the parties' stipulated confidentiality order, if Defendant contends that they contain confidential information. *See* Fed. R. Civ. P. 34(a)(1). If documents responsive to this request are not in Defendant's possession or custody, but are in the physical custody of a non-party telephone carrier, Defendant will not be compelled to produce them. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Rather, Plaintiff may obtain the documents by issuing a Fed. R. Civ. P. 45 subpoena to the telephone carrier. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents."); *DataQuick Info. Sys., Inc.*, 237 F.R.D. at 564 ("With regard to non-parties, Rule 34(c) contemplates that they may be required to produce documents through the use of a subpoena

issued under Rule 45."). Thus, as to Request #11, Plaintiff's Motion to Compel is GRANTED

IN PART and DENIED IN PART.[7]

## 2. Document Production Request #12

Plaintiff's Document Production Request #12 requests "[t]he complete telephone

invoices or statements for your phone bills or statements including call detail records for the

periods from (1) July 1, 2010 through August 31, 2010 and (2) from March 1, 2011 through May

31, 2011." Pl.'s Mot. 5. Defendant objects to this request as overbroad, stating that "it will

unduly burden [Defendant] with the task of obtaining itemized phone records from its service

provider, . . . which [Defendant] does not maintain in the ordinary course of business." *Id.* In

his motion, Plaintiff argues that he "need[s] the independent records of the telecommunications

company," as the records already produced, including Defendant's "own collection logs of its

calls to Plaintiff," "do not show the length of time of each call." *Id.* Information about the

length of the calls will enable Plaintiff to determine which, if any, of the calls made by

Defendant were "hang up" calls. *See id.* at 5–6. Defendant responds that, as explained in its

response to Document Production Request #11, Defendant "does not receive an itemized phone

bill from [its telephone] carrier." Def.'s Resp. 7. Moreover, Defendant maintains, "nothing

---

[7] I note, additionally, that Plaintiff requested in his reply that Defendant "be required to swear to" the assertion made in its response that it does not receive an itemized telephone bill. *See* Pl.'s Reply 6. Plaintiff cites no authority for this demand, nor is Plaintiff's demand necessary. By virtue of signing, filing, submitting, or later advocating on a pleading, written motion, or other party, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *see also* Fed. R. Civ. P. 26(g) (stating the effect of an attorney placing his or her signature on a discovery request, response, or objection). Violations of Rule 11(b) may subject "any attorney, law firm, or party that violated the rule or is responsible for the violation" to sanctions. *See* Fed. R. Civ. P. 11(c). There is no factual basis of record for believing that Defendant has in any way violated this rule. Accordingly, Plaintiff's demand for a sworn statement from Defendant is meritless.

prevents [Plaintiff] from issuing an appropriate subpoena to the carrier to obtain the requested documents or information." *Id.* Plaintiff's reply does not respond to Defendant's arguments.

Plaintiff has failed to show that the additional documents that it seeks pursuant to this request are within Defendant's possession, custody, or control. Accordingly, as to Document Production Request #12, Plaintiff's motion is DENIED. Plaintiff may obtain the documents it seeks directly from Defendant's telephone service provider through a Rule 45 subpoena.

### 3.  Document Production Request #15

Plaintiff's Document Production Request #15 seeks production of "[t]he owners['] manual, instructions[,] and any other manuals related to any equipment used to dial or call Plaintiff or 301-620-2250." Pl.'s Mot. 6. This request is aimed at obtaining information necessary for Plaintiff to prove that Defendant used an "automatic telephone dialing system," as that term is defined by federal statute. *See id.* On June 8, 2012, the parties submitted a discovery stipulation, stating that they agree and stipulate, "for purposes of this suit only," that any calls made to Plaintiff "were made using Aspect dialer equipment that constitutes an 'automatic telephone dialing system' as that term is defined by the federal Telephone Consumer Protection Act." *See* Stipulation as to ATDS 1, ECF No. 33. In light of the parties' stipulation, Plaintiff's Motion to Compel is DENIED AS MOOT as to Document Production Request #15.

### 4.  Document Production Requests #18 and #19

Plaintiff's Document Production Request #18 seeks "[a]ll account documents including electronic ones related to any debt or account for which the alleged calls to the Plaintiff or 301-620-2250 were made by you or any person or entity acting on your behalf or for which you were trying to reach [the debtor] or obtain any information about at the number 301-620-2250." Pl.'s Mot. 6. Plaintiff's Document Production Request #19 seeks "[c]all detail records, reports,

records[,] or logs for each and every alleged call to Plaintiff or 301-620-2250." *Id.* at 7. Defendant objects to production of the documents requested on the grounds that Plaintiff's request is overbroad and seeks "the production of documents containing financial and personal identifying information of third parties that cannot be produced without an appropriate confidentiality agreement or order." *See id.* at 6–7. In his motion, Plaintiff argues that the documents requested in Document Production Request #18 must be produced because, under the Fair Debt Collection Practices Act, one of the causes of action asserted by Plaintiff, he must establish that Defendant was attempting to collect on a debt, as defined in 15 U.S.C. § 1692a(5). *See id.* at 7. As to Document Production Request #19, Plaintiff argues that, while Defendant has produced redacted logs, Plaintiff "need[]s the full unredacted account numbers for the three accounts involved." *Id.* According to Plaintiff, his efforts to serve subpoenas on two financial institutions using the redacted account numbers has been unsuccessful; the financial institutions have reported to Plaintiff that the full account numbers are necessary. *See id.*

Defendant jointly responds to Plaintiff's request to compel his Document Production Requests #18 and #19, stating that the requests seek "the records of accounts [Defendant] collected or attempted to collect from third parties." Def.'s Resp. 8. Defendant reports that it "has already provided the account notes in a redacted format to preserve the confidential aspects of those documents, which contain personal or financial information regarding non-parties." *Id.* Plaintiff, however, "argues that he needs full account numbers in order to subpoena the creditors or original creditors on those accounts." *Id.*; *see* Pl.'s Mot. 7; Pl.'s Reply 8. Defendant "remains willing to provide this information and [non-redacted] documents . . . if [Plaintiff] enters into a confidentiality agreement to protect the privacy rights of the subject account-holders." Def.'s

Resp. 8.  In light of the parties' stipulated confidentiality order, which governs production of this material, Plaintiff's Motion to Compel is GRANTED, subject to the terms thereof.

### C.  Responses to Requests for Admission

Federal Rule of Civil Procedure 36 governs requests for admission.  Under that rule, a party "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  A matter is deemed admitted if the responding party fails to timely provide a written answer or objection to the request for admission.  Fed. R. Civ. P. 36(a)(3); *see also* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

If a matter raised in a request for admission is not admitted, the responding party's answer "must specifically deny [the matter] or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  The denial "must fairly respond to the substance of the matter."  *Id.*; *see also* Wright et al., *supra*, § 2260 ("It is expected that denials will be forthright, specific, and unconditional.  If a response is thought insufficient as a denial, the court may treat it as an admission.").  When "good faith requires that a party qualify an answer or deny only a part of a matter, the answer [to the request for admission] must specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  The party responding to a request for admission also may "assert lack of knowledge or information as a reason for failing to admit or deny."  *Id.*  But, the party may do so "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  *Id.*; Wright et al., *supra*, § 2261 ("A general statement that [a party]

can neither admit nor deny, unaccompanied by reasons, will be held to be an insufficient response, and the court may either take the matter as admitted or order a further answer.").

Additionally, the party responding to a request for admission may object to the request if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 36(a)(5). "The grounds for objecting to [the] request must be stated," and a party may not object "solely on the ground that the request presents a genuine issue for trial." *Id.* A party may, for example, object that a request for admission exceeds the scope of discovery stated in Fed. R. Civ. P. 26(b)(1); that responding to a request would require disclosure of attorney-client privileged or work product protected material, *see* Fed. R. Civ. P. 26(b)(3); or that a request is defective in form and therefore unanswerable, *see* Fed. R. Civ. P. 36(a)(2) ("Each matter must be separately stated."); Wright et al., *supra*, § 2262 ("The [responding party] should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit. Each request . . . should be phrased simply and directly so that it can be admitted or denied without explanation.") The purpose of Rule 36 admissions is "'to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.'" *EEOC v. Balt. Cnty.*, No. L-07-2500, 2011 WL 5375044, at *1 (D. Md. Nov. 7, 2011) (quoting *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed. App'x 169, 172 (4th Cir. 2005)). If a party's answers are "evasive or fail to respond to the substance of the question, and the evidence establishes that the request should have been admitted," the Court may deem the matter admitted. *Id.* (citing *Southern Ry. Co. v. Crosby*, 201 F.2d 878, 880–81 (4th Cir. 1953)).

### 1. Request for Admission #1

Plaintiff's Admission Request #1 states: "The calls made to 301-620-22[50] were made by an automatic telephone dialing system." Pl.'s Mot. 8. Defendant's response states: "Despite

reasonable inquiry[,] [Defendant] is unable to admit or deny." *Id.*  In light of the parties' recent stipulation that "any telephone calls [made] to telephone number 301-620-2250 at issue in this suit were made using Aspect dialer equipment that constitutes an 'automatic telephone dialing system' as that term is defined by the federal Telephone Consumer Protection Act," Stipulation 1, Plaintiff's Motion to Compel is DENIED AS MOOT as to Request for Admission #1.

### 2.  Request for Admission #4

Plaintiff's Request for Admission #4 states: "You were attempting to collect a debt as defined above on the dates the calls alleged in paragraph 23 of the complaint were made."  Pl.'s Mot. 8.  Defendant's response states: "Despite reasonable inquiry[,] [Defendant] is unable to admit or deny."  *Id.*  In its response to Plaintiff's motion, Defendant amends its response to Plaintiff's Request for Admission #4, stating that Defendant now denies the request, as it "has no information with which to confirm or refute that the subject account holders purchased any product or services 'primarily for personal, family, or household purposes,' as [would be] required to characterize the subject accounts as 'debts' under the Fair Debt Collection Practices Act."  Def.'s Resp. 9.  It is Plaintiff's burden, Defendant argues, "to prove that [Defendant] was attempting to collect a 'debt' as that term is defined under" the statute.  *Id.*

I note, preliminarily, that Defendant's original response to Plaintiff's Request for Admission #4 is insufficient.  Unaccompanied by reasons, a general statement that a party can neither admit nor deny a matter is an insufficient response to a request for admission.  Wright et al., *supra*, § 2261; *see Hall*, 231 F.R.D. at 470 ("If a party responding to a discovery request objects, in whole or part, to the discovery, objections must be specific, non-boilerplate and supported by particularized facts where necessary to demonstrate the basis for the objection."); *cf. Stevens v. Federated Mut. Ins. Co.*, No. 5:05-CV-149, 2006 WL 2079503, at *7 (N.D.W. Va.

July 25, 2006) (finding that a response was inadequate where a party failed to describe his efforts to gain information that would enable him to admit or deny, and directing the party to "provide an explanation why he can neither deny nor admit" the request for admission).  Defendant's original response fails to provide any explanation as to why it is unable to admit or deny.

Defendant, having answered a Rule 36 request for admission, has a duty to supplement its responses.  Fed. R. Civ. P. 26(e)(1) ("A party who has . . . responded to a[] . . . request for admission . . . must supplement or correct its . . . response."); *House of Giant of Md. LLC*, 232 F.R.D. 257, 259 (E.D. Va. 2005).  A party's failure to properly supplement may result in sanctions.  *See* Fed. R. Civ. P. 37(c); *Southern States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).  Defendant's response in opposition to Plaintiff's Motion to Compel amounts to an informal supplementation.  *Cf.* Fed. R. Civ. P. 26(e)(1)(A) (stating that formal supplementation is required where "the additional or corrective information has not otherwise been made known to the other parties during the discovery process").  While Defendant's supplemented response states that it now denies Request for Admission #4, *see* Def.'s Resp. 9, the response is perhaps better characterized as providing additional detail as to why Defendant "cannot truthfully admit or deny it."[8]  *Id.* (stating that Defendant "has no information with which to confirm or refute" the matter); *see* Fed. R. Civ. P. 36(a)(4); *see also*

---

[8] In his reply, Plaintiff notes that Defendant now denies Request for Admission #4 and states that he "may seek additional fees at a later point when it is proven that [Defendant] was attempting to collect a debt" as defined by the federal statute.  Pl.'s Reply 9.  Under Rule 37(c), if a party fails to admit a request made under Rule 36, "and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof."  Fed. R. Civ. P. 37(c)(2).  The Court must award fees unless: (A) "the request was held objectionable under Rule 36(a)"; (B) "the admission sought was of no substantial importance"; (C) "the party failing to admit had a reasonable ground to believe that it might prevail on the matter"; or (D) "there was other good reason for the failure to admit."  Fed. R. Civ. P. 37(c)(2)(A)–(D).  Because I find that Defendant's supplemental response to Request for Admission #4 is best characterized as an explanation of why it cannot admit or deny the matter, such sanctions will not be available.

Fed. R. Civ. P. 1 (requiring that the rules of procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").   Having provided in its response additional information about why it is unable to admit or deny Plaintiff's request, I find that Defendant now has fully responded to Plaintiff's request.   Accordingly, Plaintiff's Motion to Compel is DENIED as to Request for Admission #4.

In his reply, Plaintiff requests attorney's fees because Defendant only completely answered Request for Admission #4 after a motion to compel was filed.  Pl.'s Reply 9.  Under Rule 37, if requested discovery is provided after a motion to compel is filed, unless an exception applies, the court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The rule provides for three exceptions where an award of fees is not mandatory, despite the submission of discovery responses after filing a motion to compel.  *See id.*  Those exceptions are where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*  Defendant only provided a complete response to Plaintiff's Request for Admission #4 after Plaintiff filed a motion to compel; Defendant's original response was not sufficient.  *See supra*.  None of the exceptions to Rule 37(a)(5)(A) apply.  First, Plaintiff made a number of efforts to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(5)(A)(i); *see, e.g.*, Pl.'s Mot. ¶¶ 3–6; Pl.'s Apr. 30, 2012 Ltr. 1; Pl.'s May 14, 2012 Ltr. 1–2.  Second, Defendant's initial response was not substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).  A party satisfies the "substantially justified" standard "if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to

produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009) (citations omitted).  However, to avoid the imposition of costs, "parties must sufficiently argue that they were substantially justified in their actions." *Id.* at 297 (citing *Humphreys Exterminating Co. v. Poulter*, 62 F.R.D. 392, 394 (D. Md. 1974)).  Defendant does not provide any legitimate justification—let alone a substantial justification—as to why a complete answer to Request for Admission #4 was not provided to Plaintiff prior to submission of Defendant's response to Plaintiff's motion to compel.  Finally, no other circumstances are present that would render an award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  Because none of the exceptions stated in Rule 37(a)(5)(A) apply, and because Defendant failed to meet its obligations with respect to Request for Admission #4 until after Plaintiff filed his motion, Plaintiff is AWARDED expenses and fees, but only related to the making of the motion to compel this particular request for admission, as well as any additional discovery requests that are granted by the Court and for which sanctions are awarded.  Plaintiff is instructed to follow the directions for submission of a Certification of Fees and Costs stated in Part II.B.6, below.

### 3.  Request for Admission #5

Plaintiff's Admission Request #5 states: "You are a debt collector as defined above." Pl.'s Mot. 9.  Defendant's response states: "Despite reasonable inquiry[,] [Defendant] is unable to admit or deny."  *Id.*  According to Plaintiff, Defendant's response is "frivolous and in bad faith and should be sanctioned."  *Id.*  Defendant, Plaintiff asserts, "is registered and licensed with the

State of Maryland as a debt collector, with license #1416 and/or 5600." *Id.* In its response to Plaintiff's motion, Defendant now admits that it is a debt collector "to the extent it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, but may not have been acting as a 'debt collector' if ongoing discovery shows that the subject account holders did not purchase any product or services 'primarily for personal, family, or household purposes,' as required to characterize the subject accounts as 'debts' under the Fair Debt Collection Practices Act." Def.'s Resp. 9. Acknowledging Defendant's admission, Plaintiff requests attorney's fees for Defendant's failure to properly and completely respond to Request for Admission #5 until after Plaintiff filed his motion to compel. *See* Pl.'s Reply 9.

Defendant's original response to Plaintiff's Request for Admission #5 is insufficient, as it was not accompanied by a specific explanation as to why Defendant was unable to admit or deny. Wright et al., *supra*, § 2261; *see Hall*, 231 F.R.D. at 470. Defendant's amended response, provided in its response to Plaintiff's motion to compel, is sufficient: It specifies the part admitted and qualifies the remainder of its response. *See* Fed. R. Civ. P. 36(a)(4). Because Defendant has now provided a complete response to Plaintiff's request, Plaintiff's Motion to Compel is DENIED with regard to Request for Admission #5. However, Plaintiff is entitled to attorney's fees under Rule 37(a)(5)(A): Defendant provided a complete discovery response only after Plaintiff filed his motion to compel, and none of the rule's exceptions apply. *See* Fed. R. Civ. P. 37(a)(5)(A). First, Plaintiff made a number of efforts to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(5)(A)(i); *see, e.g.*, Pl.'s Mot. ¶¶ 3–6; Pl.'s Apr. 30, 2012 Ltr. 1; Pl.'s May 14, 2012 Ltr. 1–2. Second, Defendant's response does not provide any justification for its failure to provide a complete response to Plaintiff until after the motion to compel was filed. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii); *Kemp*, 263 F.R.D. at 296–97. Finally, no

other circumstances render an award of expenses unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  In light of the foregoing, Plaintiff is AWARDED those expenses and fees incurred in making the motion to compel with regard to Request for Admission #5.  Plaintiff is instructed to follow the directions for submission of a Certification of Fees and Costs stated in Part II.B.6, below.

### 4.   Requests for Admission #7, #8, and #10

Plaintiff's Request for Admission #7 states: "The name of the individual called was not clearly stated at the beginning of the calls alleged in paragraph 23 of the complaint."  Pl.'s Mot. 9.  Plaintiff's Request for Admission #8 states: "The name of the business, individual[,] or other entity responsible for initiating the calls was not clearly stated for the calls alleged in paragraph 23 of the complaint."  *Id.*  Plaintiff's Request for Admission #10 states: "The calls alleged in paragraph 23 of the complaint did not provide meaningful disclosure of the caller's identity."  *Id.* at 10.  Defendant originally denied all three requests.  *See id.* at 9–11.  Plaintiff argues that responses to the requests should be compelled because "[i]t is not really in any dispute that for at least several of [Defendant's] calls to [Plaintiff] or to his number . . ., [Defendant] left no message during the calls."  *Id.* at 9–10.  As a result, Plaintiff states, "the individual caller, and name of the business, could not possibly have been identified, as the denial necessarily states." *Id.*  In its response, Defendant indicates that Plaintiff's motion highlighted "a nuance that undersigned counsel did not previously understand," namely the significance of the calls where no message was left.  *See* Def.'s Resp. 10–11.  In light of its new understanding, Defendant clarified and supplemented its response to Requests for Admission #7, #8, and #10 by stating that it "admits that the name of the business, individual caller[,] or other entity responsible for initiating the subject calls was obviously not identified in those instances in which a call was disconnected or did not connect to a live person or a message was not left on an answering

machine during the subject calls." *Id.*  Defendant "continues to deny that it failed to clearly state the name of the business, individual caller or other entity responsible for initiating the subject calls at the beginning of all other calls." *Id.*  Plaintiff acknowledges Defendant's amended response and requests attorney's fees for Defendant's failure to fully respond to Plaintiff's requests for admission until after Plaintiff filed his motion to compel.  Pl.'s Reply 10–11.

Defendant's original answer to Plaintiff's requests was the result of a failure to appreciate a "nuance" of the requests, and not a product of evasiveness.  *See* Fed. R. Civ. P. 36(a)(4); Wright et al., *supra*, § 2259.  Defendant's answer was amended in light of the understanding of Plaintiff's requests that it gained from Plaintiff's motion papers.[9]  As amended, Defendant's answer to Plaintiff's request provides additional information, and is sufficient.  *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party . . . deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest.").  Accordingly, Plaintiff's Motion to Compel is DENIED as to Requests for Admission #7, #8 and #10.  I find that Plaintiff is not entitled to fees for the belated supplementation of Defendant's original answers to these requests. Defendant's disclosure of additional information in its response to the motion that was not conveyed in its original answers was substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Plaintiff's original requests did not make clear that Plaintiff was seeking admissions relating to calls that were not answered and for which no message was left.  *See* Pl.'s Mot. 9–10; Def.'s Resp. 10–11.  Defendant's original answers had a "reasonable basis in law and fact." *Decision Insights, Inc.*, 311 Fed. App'x at 599.  Put differently, Defendant's original denial was both

---

[9] The Court cannot help but observe that, had counsel truly conferred in good faith in an attempt to resolve these disputes without Court involvement, this dispute should have been resolved before the motion was filed, based on Defendant's new understanding of the "nuance" of the requests.  That it was not is symptomatic of the failure of counsel to approach their discovery obligations as required by the federal rules and this Court's local rules and guidelines.

legally sound, *see* Fed. R. Civ. P. 36(a)(4), and based on a reasonable interpretation of Plaintiff's requests. Upon learning, from Plaintiff's motion, that he desired additional information, Defendant promptly provided that information in its response to the motion. Accordingly, Plaintiff's request for expenses and fees incurred in making the motion to compel with regard to Requests for Admission #7, #8, and #10 is DENIED.

### 5. Request for Admission #9

Plaintiff's Admission Request #9 states: "The purpose of the calls alleged in paragraph 23 of the complaint included the acquisition of location information." Pl.'s Mot. 9. Defendant's response states: "Denied as written. The purpose of the calls alleged in paragraph 23 of the complaint was the collection of debts." *Id.* In his motion, Plaintiff argues that its admission request asks Defendant "to admit that the purpose of the calls 'included' the acquisition of location information." *Id.* Therefore, "even if there was another, second, purpose of the calls," *i.e.*, the collection of debts, the request should have been admitted "wholly or at least in part, if the purpose *included* acquiring location information." *Id.* at 9–10 (emphasis added). In its response, Defendant clarifies its answer to the request, "admit[ting] that the purpose of the calls alleged in ¶ 23 of the complaint was the collection of money owed to creditors by persons other than Plaintiff . . ., and that, included in this purpose was the acquisition of information to locate the subject account-holders." Def.'s Resp. 10. Plaintiff replies that Defendant "had no basis for [originally] denying Request #9," and requests reasonable fees and expenses for Defendant "only admitting Request #9 after a Motion to Compel was filed." Pl.'s Reply 10.

Where a party does not admit a matter stated in a request for admission, it "must specifically deny [the matter] or state in detail why [it] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Denials "must fairly respond to the substance" of the request, and answers to

requests for admission must not be evasive. *Id.*; *EEOC v. Balt. Cnty.*, 2011 WL 5375044, at *1; *see also Fisher*, 2012 WL 2050785, at *3. The phrase "denied as written," without additional elaboration, is evasive, and is tantamount to a failure to answer. Fed. R. Civ. P. 37(a)(4). Where "good faith requires that a party qualify an answer or deny only part of a matter," the answer to the request for admission must specify what is admitted and what is qualified or denied. Fed. R. Civ. P. 36(a)(4). Defendant's original answer to Plaintiff's request stated that debt collection was the primary purpose of the subject calls. *See* Def.'s Resp. 10. In its response to Plaintiff's motion, Defendant adds that "included in this [primary] purpose was the acquisition of information to locate the subject account-holders." *Id.* Because Defendant has now provided a complete response to Plaintiff's request, Plaintiff's Motion to Compel is DENIED with regard to Request for Admission #9. However, Plaintiff is entitled to attorney's fees and costs under Rule 37(a)(5)(A) with respect to the motion to compel a responsive answer to Request for Admission #9: Defendant's original answer to Plaintiff's request was evasive, and a complete response was provided only after Plaintiff filed his motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). None of the rule's exceptions apply: (1) Plaintiff made a variety of efforts to obtain the discovery without court action, Fed. R. Civ. P. 37(a)(5)(A)(i); (2) Defendant has provided no explanation for failing to provide the additional information included in its response to Plaintiff's motion in its original answer to Plaintiff's request for admission, Fed. R. Civ. P. 37(a)(5)(A)(ii); and (3) no other circumstances render an award of expenses unjust, Fed. R. Civ. P. 37(a)(5)(A)(iii). In light of the foregoing considerations, Plaintiff is AWARDED expenses and fees incurred in making the motion to compel with regard to Request for Admission #9. Plaintiff is instructed to follow the directions for submission of a Certification of Fees and Costs stated in Part II.B.6, below.

### 6.   Fee Award in Relation to Requests for Admission

Plaintiff is awarded expenses and fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) as to Requests for Admission #4, #5, and #9. In light of this award, Plaintiff is DIRECTED to file a Certification of Fees and Costs associated with preparing these three discrete aspects of the motion to compel within fourteen (14) days.  Plaintiff's certification is to address only those discovery requests for which fees have been awarded—namely, Requests for Admission #4, #5, and #9.  Expenses and fees will not be awarded as to any other discovery requests litigated in the motion to compel.[10]   Defendant will file its objection, if any, to Plaintiff's fee and cost assessment within fourteen (14) days of service.  Plaintiff will file a response to Defendant's objections, if any, within seven (7) days of service.  In preparing its Certification of Fees and Costs, Plaintiff is directed to refer to Appendix B of this Court's Local Rules, which provides rules and guidelines for determining attorney's fees in cases such as this.  Appendix B is available on the Court's website at http://www.mdd.uscourts.gov/localrules/LocalRules.pdf.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.  My ruling as to each discovery request is outlined in detail below.

1.   As to Interrogatory #1, Plaintiff's Motion to Compel is GRANTED.  Defendant is directed to provide the relevant telephone numbers to Plaintiff within fourteen (14) days.

2.   As to Interrogatory #6, Plaintiff's Motion to Compel is GRANTED.  Defendant is directed to provide the relevant telephone numbers to Plaintiff within fourteen (14) days.

---

[10] Plaintiff's papers request fees only for those discovery requests that were answered fully by Defendant after Plaintiff's motion was filed.  *See* Pl.'s May 14, 2012 Ltr. 2.  Under Rule 37, where a motion to compel is granted in part and denied in part, the court may . . ., after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).  Beyond the expenses and fees associated with litigating those discovery requests that Defendant plainly could have answered fully prior to Plaintiff's filing of the present motion, I do not find that an additional award of expenses or fees against Defendant is appropriate.

3.  As to Interrogatory #9, Plaintiff's Motion to Compel is GRANTED.  Defendant is directed to provide the requested information to Plaintiff within fourteen (14) days.

4.  As to Interrogatory #12, Plaintiff's Motion to Compel is GRANTED.  Defendant is directed to produce the responsive documents to Plaintiff within fourteen (14) days.

5.  As to Interrogatory #15, Plaintiff's Motion to Compel is GRANTED.  The parties are directed to confer to clarify the nature of Plaintiff's request within seven (7) days, so that the interrogatory may be answered by Defendant within fourteen (14) days.

6.  As to Interrogatory #16, Plaintiff's Motion to Compel is GRANTED.  Defendant is directed to fully and completely respond to Interrogatory #16 within fourteen (14) days.

7.  As to Interrogatory #17, Plaintiff's Motion to Compel is GRANTED.  Defendant is directed to fully and completely respond to Interrogatory #17 within fourteen (14) days.

8.  As to Document Production Request #11, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.  If the responsive documents are within Defendant's actual possession or custody, Defendant must produce them, subject to the parties' stipulated confidentiality order, if Defendant contends that they contain confidential information.  If the documents are in the physical custody of a non-party telephone carrier, Plaintiff may obtain the documents by issuing a Rule 45 subpoena to the carrier.

9.  As to Document Production Request #12, Plaintiff's Motion to Compel is DENIED.  Plaintiff may obtain the documents from the telephone service provider by subpoena.

10. As to Document Production Request #15, Plaintiff's Motion to Compel is DENIED AS MOOT in light of the parties' June 8, 2012 Stipulation As to ATDS, ECF No. 33.

11. As to Document Production Request #18, Plaintiff's Motion to Compel is GRANTED, subject to the terms of the parties' Stipulated Confidentiality Order, ECF No. 37.

12. As to Document Production Request #19, Plaintiff's Motion to Compel is GRANTED, subject to the terms of the parties' Stipulated Confidentiality Order, ECF No. 37.

13. As to Request for Admission #1, Plaintiff's Motion to Compel is DENIED AS MOOT in light of the parties' June 8, 2012 Stipulation As to ATDS, ECF No. 33.

14. As to Request for Admission #4, Plaintiff's Motion to Compel is DENIED.  However, Plaintiff is awarded expenses and fees incurred in making the motion to compel as to Request for Admission #4, and is directed to submit a Certification of Fees and Costs.

15. As to Request for Admission #5, Plaintiff's Motion to Compel is DENIED. However, Plaintiff is awarded expenses and fees incurred in making the motion to compel as to Request for Admission #5, and is directed to submit a Certification of Fees and Costs.

16. As to Request for Admission #7, Plaintiff's Motion to Compel is DENIED.

17. As to Request for Admission #8, Plaintiff's Motion to Compel is DENIED.

18. As to Request for Admission #9, Plaintiff's Motion to Compel is DENIED.  However, Plaintiff is awarded expenses and fees incurred in making the motion to compel as to Request for Admission #9, and is directed to submit a Certification of Fees and Costs.

19. As to Request for Admission #10, Plaintiff's Motion to Compel is DENIED.

20. If modifications to the discovery schedule are merited as a result of this Order, the parties are directed to submit a jointly proposed modified Scheduling Order to Judge Quarles.

A separate Order shall issue.

Dated: June 27, 2012                                    _____/S/_____
                                                                        Paul W. Grimm
                                                                        United States Magistrate Judge

hlw