**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |
|---|---|
| KEVIN M. LYNN, | * |
| Plaintiff, | * |
| v. | *  Civil Case No.: WDQ-11-2824 |
| MONARCH RECOVERY MGMT., INC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is, this <u>27th</u> day of <u>June</u>, <u>2012</u>, ORDERED that:

1. As to Interrogatory #1, Plaintiff's Motion to Compel is GRANTED. Defendant is directed to provide the relevant telephone numbers to Plaintiff within fourteen (14) days.

2. As to Interrogatory #6, Plaintiff's Motion to Compel is GRANTED. Defendant is directed to provide the relevant telephone numbers to Plaintiff within fourteen (14) days.

3. As to Interrogatory #9, Plaintiff's Motion to Compel is GRANTED. Defendant is directed to provide the requested information to Plaintiff within fourteen (14) days.

4. As to Interrogatory #12, Plaintiff's Motion to Compel is GRANTED. Defendant is directed to produce the responsive documents to Plaintiff within fourteen (14) days.

5. As to Interrogatory #15, Plaintiff's Motion to Compel is GRANTED. The parties are directed to confer to clarify the nature of Plaintiff's request within seven (7) days, so that the interrogatory may be answered by Defendant within fourteen (14) days.

6. As to Interrogatory #16, Plaintiff's Motion to Compel is GRANTED. Defendant is directed to fully and completely respond to Interrogatory #16 within fourteen (14) days.

7. As to Interrogatory #17, Plaintiff's Motion to Compel is GRANTED. Defendant is directed to fully and completely respond to Interrogatory #17 within fourteen (14) days.

8. As to Document Production Request #11, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART. If the responsive documents are within Defendant's actual possession or custody, Defendant must produce them, subject to the parties' stipulated confidentiality order, if Defendant contends that they contain confidential information. If the documents are in the physical custody of a non-party telephone carrier, Plaintiff may obtain the documents by issuing a Rule 45 subpoena to the carrier.

9. As to Document Production Request #12, Plaintiff's Motion to Compel is DENIED. Plaintiff may obtain the documents from the telephone service provider by subpoena.

10. As to Document Production Request #15, Plaintiff's Motion to Compel is DENIED AS MOOT in light of the parties' June 8, 2012 Stipulation As to ATDS, ECF No. 33.

11. As to Document Production Request #18, Plaintiff's Motion to Compel is GRANTED, subject to the terms of the parties' Stipulated Confidentiality Order, ECF No. 37.

12. As to Document Production Request #19, Plaintiff's Motion to Compel is GRANTED, subject to the terms of the parties' Stipulated Confidentiality Order, ECF No. 37.

13. As to Request for Admission #1, Plaintiff's Motion to Compel is DENIED AS MOOT in light of the parties' June 8, 2012 Stipulation As to ATDS, ECF No. 33.

14. As to Request for Admission #4, Plaintiff's Motion to Compel is DENIED. However, Plaintiff is awarded expenses and fees incurred in making the motion to compel as to Request for Admission #4, and is directed to submit a Certification of Fees and Costs.

15. As to Request for Admission #5, Plaintiff's Motion to Compel is DENIED. However, Plaintiff is awarded expenses and fees incurred in making the motion to compel as to Request for Admission #5, and is directed to submit a Certification of Fees and Costs.

16. As to Request for Admission #7, Plaintiff's Motion to Compel is DENIED.

17. As to Request for Admission #8, Plaintiff's Motion to Compel is DENIED.

18. As to Request for Admission #9, Plaintiff's Motion to Compel is DENIED. However, Plaintiff is awarded expenses and fees incurred in making the motion to compel as to Request for Admission #9, and is directed to submit a Certification of Fees and Costs.

19. As to Request for Admission #10, Plaintiff's Motion to Compel is DENIED.

20. If modifications to the discovery schedule are merited as a result of this Order, the parties are directed to submit a jointly proposed modified Scheduling Order to Judge Quarles.

                                                                                              /S/
                                                    Paul W. Grimm
                                                    United States Magistrate Judge