UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEVIN M. LYNN** | * | |
| | * | |
| *Plaintiff* | | |
| | * | Case #11-cv-2824-WDQ |
| v. | | |
| | * | |
| **MONARCH RECOVERY** | | |
| **MANAGEMENT, INC.** | * | |
| | | |
| *Defendant* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF'S MOTION TO COMPEL FIA CARD SERVICES, N.A. TO RESPOND TO SUBPOENA AND APPEAR FOR DEPOSITION

Plaintiff Kevin M. Lynn ("Lynn"), pursuant to Federal Rule of Civil Procedure (FRCP) 45(c)(2)(B)(i), moves to compel non-party FIA Card Services, N.A. ("FIA") to respond to a Subpoena Plaintiff served on FIA to produce all responsive documents in its possession, and to provide an Affidavit of a records custodian for the documents. Lynn also seeks any extension of any relevant deadlines for the ongoing summary judgment briefing necessary to include any responsive documents as part of that briefing.

### BACKGROUND

Plaintiff  served a Subpoena on Bank of America, N.A., and after being advised that FIA Card Services, N.A. maintained the credit account records for Bank of America card holders, served a Subpoena on FIA. The account number on the Subpoena inadvertently identified the wrong account number, so the Subpoena was reissue with the correct account number. A copy of the reissued Subpoena dated August 9, 2012 which was served on FIA (with the account number redacted) is attached as an Exhibit herein.

The Subpoena seeks the statements for the credit card account of George A. Teddy. Teddy was one of the two persons whose accounts Defendant Monarch Recovery Management, Inc.

(MRM) attempted to collect by calling Lynn, who has nothing to do with the account. The Subpoena also sought copies of documents provided or sent to Asset Acceptance, LLC, between Bank of America, N.A., or MRM related to the account(s), and documents related to the securitization, sale, or transfer or assignment of the account. *See* Aug. 9, 2012 Subpoena to FIA.

After several attempts, the week of August 27, 2012, Lynn's counsel finally was able to speak with a representative of FIA about the status of the Subpoena. Counsel was informed that FIA had set September 10, 2012 as its target date to respond to the Subpoena. Counsel advised Justin Homes, counsel for MRM, via email of this expected response date, and that counsel would forward FIA's response as soon as possible for possible use in the ongoing summary judgment briefing.

### FIA's September 4, 2012 form letter refusing to respond

In an unsigned form letter date September 4, 2012, FIA responded to the Subpoena, which states in its entirety:

> The above Subpoena was received by FIA Card Services, N.A. Since the bank is not able to comply with the above, we are returning it to you.
>
> The account(s) information requested in the subpoena is not owned by FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. Therefore, the bank is unable to provide you any information on the account(s) due to contractual agreements with Cardholders and other private 3rd parties. If you have purchased this account(s), any information you are seeking should be directed to the seller. If we can be of any further assistance, please send your correspondence to the address listed at the top of this letter.

A copy of FIA's form letter, which was mailed on Sep. 5, 2012 and received by Lynn's counsel on Sep. 8, 2012 is attached as an Exhibit herein.

FIA's response is a refusal to respond to the Subpoena. FIA is essentially asserting that an unidentified private contract between "private 3d parties" enables it to refuse to comply with a federal Subpoena. There is no basis for this refusal. FIA can certainly redact account numbers, and the Federal Rules provides for and requires this. Federal Rule of Civil Procedure 5.2. The Rules do not, however, allow a party to refuse to comply with Subpoenas based on a private contract.

Lynn points out that FIA's form letter refusal to respond does not state that there are no responsive documents or records.  FIA's assertion that the information requested is not owned by FIA Card Services, N.A. is not a statement that FIA does not have access to the records sought. During calls with both Bank of America and FIA, counsel was told that FIA keeps the credit account records for credit card accounts of Bank of America, apparently especially after an account has gone into default status, and that FIA would have the records.  FIA has had adequate time to respond, and should be compelled to respond.

The documents or records sought are relevant to Lynn's FDCPA claims.  They are necessary to determine whether or not the credit card account of George Teddy that MRM has acknowledged that it was trying to collect when MRM repeatedly called Lynn was used as a consumer account giving rise to a consumer debt.  The FDCPA defines "*debt*" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5). The account records sought from FIA should enable the parties and the Court to determine the use of the George Teddy account and whether the obligation was a *debt* under the FDCPA.  The records may also contain address or contact information for George Teddy which may allow Mr. Teddy to be contacted.

### Relief sought

FRCP 45(c)(2)(B) allows a court to order a party to respond to a subpoena, and FRCP 45(c)(3)(A) allows a court to modify a subpoena.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (modifying a subpoena is generally preferable to quashing it). FRCP 45(c)(3)(C) further allows a court to specify conditions as an alternative, instead of modifying or quashing a subpoena.

FIA's form letter response does not explicitly assert a legal privilege.  If FIA did or does assert some kind of privilege for any documents sought, the Court could order the records produced with a protective order if FIA can justify such an order.  *Mosley v. City of Chicago*, 252 F.R.D. 445, 448-9 (N.D. Ill. 2008) (party asserting privilege must produce a privilege log).  Any such protective order should be as limited as possible, as the order will necessarily require Motions to Seal in summary judgment briefing.  This should be able to be avoided, both through redacting the account number, and, because it is counsel's understanding that the credit account records are rather old at this point, as the account went into default status years ago.

Lynn asks the Court to order FIA to respond fully to Lynn's August 9, 2012 Subpoena, and produce the account records for George Teddy as soon as possible.   If the timing of briefing this Motion requires, or the court finds it necessary or reasonable otherwise, the Court should allow the parties additional time to include arguments related to the George Teddy credit account records.

WHEREFORE Plaintiff Lynn requests that the Court grant this Motion to Compel.

Respectfully submitted,

*/s/ Michael C. Worsham*
Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax: (410) 510-1870
Federal Bar #25923
mcw @ worshamlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

On September 10, 2012 a copy of this document and Exhibits were filed via the Court's ECF system, and were served on by U.S. mail on: FIA Card Services, N.A., Mail Code AZ1-200-2037, P.O. Box 29961, Phoenix, AZ 85038, 602-523-4131, Fax: 6-2-523-4135.

*/s/ Michael C. Worsham*
Michael C. Worsham