UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN M. LYNN                              *

    *Plaintiff*                          *

v.                                         *          Case 1:11-cv-2824-WDQ

MONARCH RECOVERY                  *
MANAGEMENT, INC.
                                           *
    *Defendant*
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MOTION TO RECONSIDER
## SUMMARY JUDGMENT MEMORANDUM OPINION AND ORDER

Kevin M. Lynn, through counsel, moves under Local Rule 105.10 for the Court to reconsider its March 25, 2013 Memorandum Opinion (ECF #72) and accompanying Order (ECF #73), which granted and denied both party's cross-motions for summary judgment. Lynn moves for reconsideration of his claims under the Maryland Telephone Consumer Protection Act (MTCPA), Maryland Annotated Code, Commercial Law Article (CL), §§ 14-3201-3202, including reconsidering Plaintiff's Motion that this Court certify to the Maryland Court of Appeals the issue and question of whether a private right of action exists under the MTCPA for any violation of the federal TCPA and related FCC regulations.

## ARGUMENT

Lynn's Complaint alleges in Counts 3 and 4 that MRM violated the MTCPA, which incorporates the restrictions of the federal TCPA, 47 U.S.C. § 227. Lynn alleges and argues that the violations of the federal TCPA's provisions, as promulgated in the regulations of the Federal Communications Commission (FCC), are a violation of the MTCPA. Lynn argues that the private right of action in the MTCPA applies to violations of the federal TCPA including violations of the FCC's regulations promulgated pursuant to the federal TCPA.

1

**This Court's March 25, 2013 Memorandum Opinion (ECF #72)**

The Court's March 25, 2013 Memorandum Opinion ("Op.") found in Lynn's favors for his MTCPA claims in Count 3, but not for his MTCPA claims in Count 4.   No oral argument was held on the summary judgment motions.

The Court's opinion stated that "Count 4 is less easily resolved" and cited and discussed the only reported Maryland appellate case to address the scope of the private right of action under the MTCPA, *Worsham v. Ehrlich*, 181 Md. App. 711, 957 A.2d 161 (Md. Ct. Spec. App. 2008).  This Court stated that "the *Ehrlich* court unequivocally held that the MTCPA does not authorize a private action for this, and other, 'technical' TCPA violation." citing *Ehrlich*, 957 A.2d at 172.

Maryland's highest court, the Maryland Court of Appeals, has not decided this issue.  This Court cited the 4th Circuit for the proposition that when the state's highest court has not decided an issue of state law, courts "generally defer to the state's intermediate appellate courts on the issue." Op. at 25, citing *United States v. King*, 673 F.3d 274, 279 (4th Cir. 2012).  The Court also cited an unreported 4th Circuit case in which undersigned counsel was the appellant, *Worsham v. Accounts Receivable Mgmt., Inc.*, #11-2390, 2012 WL 5503980, at *3 (4th Cir. Nov. 14, 2012) and an unreported case of this Court in which undersigned counsel represented the plaintiff, *Dr. Stuart T. Zaller, LLC v. Pharmawest Pharmacy, Ltd.*, Case 11-cv-789-CCB, 2011 WL 5508912, at *2 (D. Md. Nov. 8, 2011).  *Pharmawest Pharmacy*, in which undersigned was plaintiff's counsel, is inapposite, because it was an unsolicited fax in which a violation of the FCC's regulations was not at issue.

The *Ehrlich* case

*Ehrlich* is an Maryland intermediate appellate court decision, which spent only about one page addressing this specific issue.  *Ehrlich* was petitioned to the Maryland Court of Appeals, but

certiorari was denied,[1].  It is of note that this same Maryland intermediate appellate court had earlier ruled to completely eliminate any private right of action at all under the federal TCPA[2], an incorrect decision which was later corrected and reversed by the Maryland Court of Appeals.[3]   In circumstances such as this, any deference that this Court may grant to a state intermediate appellate court is not warranted or justified, regarding a private statutory right of action when that same intermediate appellate court was reversed on its interpretation over a private right of action under the federal TCPA upon which the Maryland TCPA depends. That is to say that this case is not one falling within this Court's reliance on *King* to "generally defer" to a state intermediate court.

A holding and conclusion that the MTCPA creates a private right of action for one portion of the federal TCPA or FCC regulations, but not for others, which is what this Court's opinion did for Counts 3 and 4, makes no sense.  More importantly this is contrary to the plain language of the MTCPA.   Such a conclusion follows the decision reached by the Maryland intermediate appellate court which only got there by resorting to speculation about the intent of the Maryland legislature, *Ehrlich* at 957 A.2d 172, which is a risky adventure, and unnecessary and inappropriate unless there is some ambiguity in the statutory language. There is no ambiguity in the MTCPA, which simply adopts the federal TCPA without any changes.

The plain language of the MTCPA provides that "A person may not violate . . . (2) The Telephone Consumer Protection Act, 47 U.S.C. § 227, as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations

---

[1] *Worsham v. Ehrlich*, 406 Md. 747, 962 A.2d 373 (2008) (cert. denied).

[2] *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc*., 149 Md. App. 219, 815 A.2d 816 (2003)

[3] *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc*., 382 Md. 689, 857 A.2d 1 (2004).

Rule (47 C.F.R. Part 64, Subpart L)." Maryland CL § 14-3201(2).  The MTCPA also provides that "an individual who is affected by a violation of this subtitle may bring an action against a person that violates this subtitled."  Maryland CL § 14-3202(b). Thus the MTCPA clearly does create a private right of action for <u>any</u> violation of the federal TCPA or FCC regulations.  The language could not be more straightforward or clear.  No resort to trying to interpret Maryland legislative intent is necessary or justified. So for a second reason - the first being the Maryland state intermediate appellate courts' track record of reversal on the private right of action under the federal TCPA discussed *supra* - an unnecessary attempt to try to glean legislative intent in the light of clear statutory language - this Court is not justified to "generally defer" to the lower state court.

This Court in deferring without a separate reason of its own to the decision of an intermediate appellate court whose reported history is incorrect and hostile to private rights of action, and which depended on risky reliance on legislative intent, is not the most sound basis to determine whether persons in Maryland have certain statutory rights.  Whether those rights relate to the unwanted political calls at issue in *Ehrlich*, or the unwanted debt collection calls at issue in the instant case, or the next possible or likely TCPA litigation frontier of unwanted text messaging calls, this is an important issue that should not be left to summary judgment reliance on a lower state court with a poor track record for acknowledging private rights of action.

Arguably, the Supreme Court's decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), which opened the floodgates in certain areas for almost unlimited political spending and the corresponding larger numbers of political robocalls such large sums of money enables, is a change of the law since *Ehrlich* was decided in 2008, warranting further consideration of the effect of a MTCPA interpretation which prevents Maryland citizens from acting as private attorney generals to enforce the law and maintain their privacy as the MTCPA and federal TCPA both intended.

The problems arising because the scope of the private right of action of the MTCPA has not yet been decided by Maryland's highest court are not limited to the instances of automated debt collection in this case or the political calls at issue in *Ehrlich*.  Problems have also arisen in determining whether persons can sue and recover for damages under the federal TCPA and MTCPA for the same violation, causing a struggle for this Court, which only reached a tentative decision on that issue.  *Pasco, et al. v. Protus IP Solutions, Inc.*, 826 F. Supp.2d 825, 846 (D. Md. Nov. 23, 2011) ("this issue of first impression does not affect the disposition of the cross-motions for summary judgment presently before this Court. The question of entitlement to damages under both the federal and state statutes can be addressed by the parties with supplemental briefing prior to the submission of this case to the jury at the conclusion of trial.").  *Pasco* later settled, so the issue was not addressed further in that case.

The MTCPA was also an issue for political calls made on behalf of the same Ehrlich candidate in the 2010 campaign in *State of Maryland v. Universal Elections,* Case #CCB-10-3183 (May 29, 2012)[4] (Slip Op. at 13, granting summary judgment to the State of Maryland, finding that "through Universal Elections, Henson knowingly violated the TCPA with the express purpose of suppressing the votes of a minority group in a contested statewide gubernatorial election).  There the damage went beyond nuisance and annoying automated robocalls without the proper identification required by the MTCPA to outright voter suppression.  The State of Maryland alleged the same failure to identify those responsible for initiating the calls and failure to provide a phone number as required by the TCPA at 47 U.S.C. § 227 and FCC regulation at 47 C.F.R. § 64.1200(b) that Lynn alleges.  *See* the Complaint filed against Universal Elections at ¶¶ 17-18 at

---

[4]  The Court's May 29, 2012 Memorandum opinion in *Universal Elections* is available at http://www.mdd.uscourts.gov/Opinions/Opinions/Maryland%20v%20Universal%20Elections%2029%20May%2012.pdf

http://www.oag.state.md.us/Press/Robocall%20Complaint.pdf

Had the earlier *Worsham v. Ehrlich* case arising from MTCPA violations in the 2006 campaign calls been heard by the Maryland Court of Appeals in 2008, and properly decided to recognize the broad scope of the private right of action under the MTCPA, perhaps this distasteful and unfortunate voter suppression could have been avoided, with the threat of private enforcement by persons for the MTCPA violations in the voter suppression calls, since candidate Ehrlich would undoubtedly been much more careful in 2010 had *Worsham v. Ehrlich* turned out differently and adverse to Ehrlich, rather than planning the 2010 campaign as his staff apparently did. ("The record shows that Henson planned the robocall with the Ehrlich Campaign staff and called Russell with instructions."). *Universal Elections*, Slip Op. at 12, n. 12. *Citizens United*, which unleashed certain forms of political spending, was decided Jan. 10, 2010, before the 2010 Ehrlich campaign.

There are thus several reasons why it is very important to have the scope of the private right of action decided by Maryland's highest court, for cases in both Maryland state courts like *Ehrlich,* and in federal courts, like the instant case, *Pasco*, *Universal Elections*, and *Accounts Receivable Mgmt., Inc.*

This Court should reconsider its decision on the MTCPA issue, and/or certify to the Maryland Court of Appeals the question of whether the MTCPA provides a private right of action for any violation of the federal TCPA or related FCC regulations.

### Certification of a Question of law regarding damages under the MTCPA

The Court also denied as premature Lynn's request to certify a second question of law to the Maryland Court of Appeals regarding whether damages can be awarded under both the federal TCPA and MTCPA for the same underlying violation, which the Court found here in Counts 1 and 3. Op. at 36. As noted *supra* in *Pasco* this Court also did not decide this same issue at the summary judgment stage, and it never got decided as *Pasco* later settled.

This damages issue is one in which there is no reported Maryland state appellate court decision.  That makes it appropriate for certification.  The certification process, which undersigned counsel went through in the *Pasco* case on the legal question of what is the MTCPA statute of limitations, would likely be completed by the time this case went to trial. Lynn did not seek actual damages in his summary judgment brief, which the Court cited as a basis for finding the question as being premature, because when Lynn was briefing summary judgment, the question was premature <u>then</u> because liability was still in dispute.

Accordingly, Lynn requests that the Court reconsider certifying the question of law  to the Maryland Court of Appeals regarding an award of damages under both the federal TCPA and MTCPA in Counts 1 and 3.

WHEREFORE this Motion to Reconsider should be granted, and the Court should certify a question of law to the Maryland Court of Appeals.

Respectfully submitted,

 /s/  *Michael C. Worsham*
Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192; Fax: (410) 510-1870
mcw @ worshamlaw.com
Federal Bar #25923

*Counsel for Plaintiff Lynn*

## CERTIFICATE OF SERVICE

On April 8, 2013 a copy of this document was served through the Court's ECF system.

   /s/
Michael C. Worsham