UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN M. LYNN,<br><br>         Plaintiff,<br><br>v.<br><br>MONARCH RECOVERY<br>MANAGEMENT, INC.,<br><br>         Defendant. | Case No: 1:11-cv-02824-WDQ |

### DEFENDANT'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Defendant, Monarch Recovery Management, Inc. ("Monarch"), hereby moves for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) regarding this Court's ruling that calls to plaintiff's residential telephone line fall within the "catch-all" provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. In support thereof, Monarch states as follows:

1.     Monarch requests the residential telephone line issue raised in its Motion for Summary Judgment be certified for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

2.     Plaintiff alleges Monarch called him on his residential telephone line without prior express consent through the use of an automatic telephone dialing system, or artificial or prerecorded voice, in violation of the TCPA.

3.     This Court denied Monarch's summary judgment motion and granted plaintiff's summary judgment motion on Counts I and II regarding the TCPA. This Court concluded calls placed by Monarch to plaintiff's residential telephone line, which was

attached to a Voice Over Internet Protocol ("VOIP") technology and subject to a nominal per call charge, was subject to and violated 47 U.S.C. § 227(b)(1)(A)(iii).

4. In denying Monarch's summary judgment motion and granting plaintiff's summary judgment motion this Court concluded that calls placed to a debtor's residential telephone line are subject to the "catch-all" provision of 47 U.S.C. § 227(b)(1)(A)(iii).

5. This Court also assumed the same calls were subject to the residential telephone line provision, 47 U.S.C. § 227(b)(2).

6. As articulated in the accompanying memorandum of law, this Court's conclusion that Monarch's calls to plaintiff's residential telephone line are subject to 47 U.S.C. § 227(b)(1)(A)(iii) was a clear mistake of law because the calls were subject exclusively to the *specific* residential telephone line provision (§ 227(b)(2)) and not the *general* catch-all provision (§ 227(b)(1)(A)(iii)).  In other words, the TCPA provisions are mutually exclusive and the more specific provision – the residential telephone line provision – applies here over the more general provision – the "catch-all" provision.

7. Monarch requests the Court conclude that the issue of exemption of debt collection calls to residential telephone lines raised in Monarch's summary judgment motion "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

8. In support thereof, Monarch submits the accompanying memorandum of law.

WHEREFORE, defendant, Monarch Recovery Management, Inc., respectfully

2

requests this Honorable Court certify the following question for interlocutory review under 28 U.S.C. § 1292(b):

> For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is a debt collection call to a residential telephone line attached to Voice Over Internet Protocol technology subject to the exemptions for calls made to a residential telephone line?

Respectfully submitted,

/s/ Justin H. Homes
Justin H. Homes – PHV (La. Bar No. 24460)
Bryan C. Shartle – PHV (La. Bar No. 27640)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana  70002-7227
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737
Email:  jhomes@sessions-law.biz
Email:  bshartle@sessions-law.biz

Erin O. Millar
Federal Bar No. 28325
WHITEFORD, TAYLOR & PRESTON, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, MD  21202-1636
Telephone:  (410) 347-8700
Facsimile:  (410) 234-2377
E-mail:  emillar@wtplaw.com

*Attorneys for Defendant,*
*Monarch Recovery Management, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2013, a copy of the above and foregoing was electronically filed, constituting service on the following:

Michael C. Worsham, Esq.
mcw@worshamlaw.com

                                         /s/ Justin H. Homes
                                         Justin H. Homes
                                         E-mail:  jhomes@sessions-law.biz

\\sfnfs02\prolawdocs\9624\9624-28265\Lynn, Kevin M\1084305.doc