UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN M. LYNN,<br><br>    Plaintiff,<br><br>v.<br><br>MONARCH RECOVERY<br>MANAGEMENT, INC.,<br><br>    Defendant. | Case No: 1:11-cv-02824-WDQ |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Defendant, Monarch Recovery Management, Inc. ("Monarch"), submits the following memorandum in support of its motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) regarding this Court's ruling that calls to plaintiff's residential telephone line fall within the "catch-all" provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. This Court should certify an interlocutory appeal on Counts I, II, and III based upon the following question:

> For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is a debt collection call to a residential telephone line attached to Voice Over Internet Protocol technology subject to the exemptions for calls made to a residential telephone line?

**I. INTRODUCTION**

Plaintiff, Kevin M. Lynn, filed this lawsuit asserting that Monarch called him on his residential telephone line without prior express consent in violation of the TCPA.[1]

---

[1] Plaintiff also asserted claims under the Maryland Telephone Consumer Protection Act ("MD-TCPA"), MD Code Ann. § 14-3201-3202, and the Fair Debt Collection Practices Act

1

Monarch filed a Motion for Summary Judgment, demonstrating that the company only placed calls to plaintiff's residential telephone line, and the calls are exempt under the TCPA as commercial calls that are not advertisements or solicitations. This Court entered an Order on March 25, 2013 ("Order"), denying Monarch's motion on Counts I (TCPA – private cause of action), II (TCPA – injunctive relief), and III (MD-TCPA, a derivative of Count I). In rendering its decision, the Court disregards the fact that Monarch only placed calls to plaintiff's residential telephone line:

> This Court will assume, for this analysis, that the residential telephone line provision applies to Monarch's calls and that the calls are within the provision's regulatory exemption for commercial calls that are not advertisements or solicitations. That Monarch would be entitled to summary judgment for an alleged violation of the residential telephone line provision is irrelevant: no such allegation is present here.

Order, pp. 15-16 [doc. 72]. The Court's ruling is based upon the belief that **_both_** TCPA provisions—the "residential telephone line" provision and the "catch-all" provision—could apply to the same call. This belief and interpretation of the TCPA is fundamentally wrong.

As explained in greater detail below, the TCPA provisions are **_mutually exclusive_**. If a call falls within the "residential telephone line" provision, then the "catch-all" provision is inapplicable. This conclusion is required by the rules of statutory construction, which mandate that when a general rule and a specific rule apply, the

---

("FDCPA"), 15 U.S.C. § 1692, *et seq.* All 6 counts were considered on cross summary judgment motions. However, only 3 counts are the subject of this motion. Count I (private cause of action) and Count II (injunctive relief) relate to the TCPA and are the subject of this motion. Count III relates to the MD-TCPA and is derivative of Count I, and therefore also a subject of this motion. All other remaining claims are not part of this motion.

2

specific rule must control over the more general rule. Monarch respectfully submits that the Court's ruling is legally defective because the calls placed by Monarch undeniably were placed to a residential telephone line and are, given the instant circumstances, exempt from the TCPA.

Further, if this Court's ruling stands, creditors, debt collectors, and other financial institutions and companies will *never* be able to autodial residential telephone lines without risk of liability, despite congressional and regulatory authority approving such calls. This is so because a person will never know when a residential telephone line is attached to Voice Over Internet Protocol ("VOIP") technology, and whether the VOIP technology used charges a flat monthly fee for unlimited calls (which, under the Court's analysis, would *not* be subject to the TCPA), or a nominal charge for actual usage. In other words, even if a company could identify the telephone number as being attached to VOIP technology, the Court's ruling would also require a line-by-line survey to determine what *calling plan* the consumer has chosen.

## II. FACTUAL AND PROCEDURAL HISTORY

Between July 2010 and January 2011, Monarch received three accounts for collection for which the company identified telephone number 301-XXX-2250 (the "2250 Number") as belonging to the respective debtors. Dkt. No. 72, pp. 2-3. Plaintiff is not the debtor on any of the three separate accounts. *Id.* The 2250 Number is plaintiff's house phone number. *Id.* Plaintiff subscribed to the 2250 Number through Verizon as his residential line, and later obtained VOIP for the line. *Id.* The Court concluded

plaintiff was charged $0.0149 cents per minute for incoming calls to the 2250 Number.[2] *Id.*

Monarch began calling the 2250 Number in July 2010. *Id.* Each of Monarch's calls to the 2250 Number was made for the purpose of reaching the debtors on the subject debts and collecting the respective debts from them. *Id.* Each of Monarch's calls was made for a commercial purpose, and none was a telemarketing call or telemarketing solicitation. *Id.* at n. 11. Plaintiff repeatedly refers to the 2250 Number as his "residential phone number." Dkt. No. 2, Plaintiff's Complaint, ¶¶ 19, 21, 23. This Court assumed for purposes of its analysis that the residential telephone line provision applied. Dkt. No. 72, pp. 15-16.

On July 27, 2012, Monarch moved for summary judgment on all claims, including plaintiff's TCPA claims pursuant to the residential telephone line exemption.[3] *See* Dkt. No. 42.

On August 18, 2012, plaintiff filed a consolidated opposition and cross-motion for summary judgment. *See* Dkt. No. 48.

On September 11, 2012, Monarch filed a consolidated opposition and reply. *See* Dkt. No. 57.

On March 25, 2013, this Court entered an Order denying Monarch's summary judgment motion on Counts I, II, and III. Importantly, this Court made several critical

---

[2] Monarch disputes the Court's finding as based upon insufficient evidence. However, and without waiving any objection or appeal on a final order, Monarch does not raise this issue for purposes of its § 1292 motion.
[3] Without waiving any objection or appeal on a final order, Monarch only disputes the holding of Count I, II, and III for purposes of its § 1292 motion.

4

assumptions which it dismissed as "irrelevent." Specifically, the Court assumed:

- The residential telephone line provision applies to Monarch's calls (Dkt. 72, p. 15);

- The calls are within the provision's regulatory exemption for commercial calls which are not advertisements or solicitations (*Id*.);

- Monarch would be entitled to summary judgment for an alleged violation of the residential telephone line provision (*Id*. at p. 16);

- Plaintiff's use of VOIP service did not fundamentally change the nature of his residential telephone line (*Id.* at p. 19).

### III. MONARCH'S CALLS TO THE 2250 NUMBER ARE SUBJECT ONLY TO THE RESIDENTIAL TELEPHONE LINE PROVISION AS A MATTER OF LAW

This Court found the calls to the 2250 Number are subject to *both* the residential telephone line provision, 47 U.S.C. § 227 (b)(1)(B), and the "catch-all," "charged call" provision under § 227 (b)(1)(A)(iii). The Order, however, does not explain how a call to a residential telephone line is subject to *both* the provision crafted specifically for residential telephone lines, § 227 (b)(1)(B), and the general "catch-all" provision, § 227 (b)(1)(A)(iii). In other words, the Order assumes without analysis that both provisions apply. This conclusion, however, fails to recognize the traditional rules of statutory construction.

"[I]t is a commonplace of statutory construction that the specific governs the general[.]" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 385 (1992). "That is particularly true where, . . . Congress has enacted a comprehensive scheme and has

deliberately targeted specific problems with specific solutions." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, __ U.S. __, 132 S.Ct. 2065, 2071 (2012) (internal quotations omitted). Indeed, "it is a basic principle of statutory construction that a specific statute . . . controls over a general provision . . . , particularly when the two are interrelated and closely positioned[.]" *HCSC-Laundry v. U.S.*, 450 U.S. 1, 6 (1981) (per curiam). As the Supreme Court said long ago:

> It is an old and familiar rule that where there is, in the same statute, a particular enactment, and also a general one, which, in its most comprehensive sense, would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment. This rule applies wherever an act contains general provisions and also special ones upon a subject which, standing alone, the general provisions would include.

*U.S. v. Chase*, 135 U.S. 255, 260 (1890) (citations and internal quotation marks omitted); *see also D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208 (1932) ("General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment."); *Bloate v. U.S.*, __ U.S. __, 130 S.Ct. 1345, 1354 (2010).

The TCPA establishes rules for certain calls to any "residential telephone line" and separate rules for certain calls to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, *or any service for which the called party is charged for the call*." *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added) with (b)(1)(B). Unlike the residential telephone line provision (§ 227(b)(1)(B)) that *specifically* regulates calls to a

"residential telephone line," the "catch-all" provision (§ 227(b)(1)(A)(iii)) *generally* applies to calls to "any service for which the called party is charged for the call." But this general provision must be interpreted in proper context.

Calls to a **_residential telephone line_** are **_exempt_** if "made for a commercial purpose" and "do[] not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]" 47 C.F.R. § 64.1200(a)(2)(iii). By applying the same call—a call to a residential telephone line—to the more general "catch-all" TCPA provision, the Court makes the exemption for such calls inapplicable and unenforceable. Again, the TCPA provisions are intended to be mutually exclusive and the exemption for calls to the residential telephone line cannot be ignored by applying the more general "catch-all" provision.[4] Indeed, to apply both provisions would undermine the intent by Congress and the Federal Communications Commission ("FCC") to exempt calls made to residential telephone lines that do not contain an unsolicited advertisement or constitute a telephone solicitation. *See PSINet, Inc. v. Chapman*, 362 F.3d 227, 232 (4th Cir. 2004), citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (where the Supreme Court explained that a court is "obliged to give effect, if possible, to every word" of a statute or rule).

Congress vested the FCC with authority to exempt certain calls to residential telephone lines. *See* 47 U.S.C. § 227(b)(1)(B) and (b)(2)(B). Based upon this

---

[4] A majority of courts have held debt collection calls are exempt from the residential telephone line provision. *Meadows v. Franklin Collection Service, Inc.*, 2010 WL 2605048 (N.D. Ala. Jun. 25, 2010), aff'd in relevant part, 414 Fed.Appx. 230 (11th Cir. 2011); S*antino v. NCO Financial Systems, Inc.*, 2011 WL 754874 (W.D. N.Y. Feb. 24, 2011); *Anderson v. AFNI, Inc.*, 2011 WL 1808779, *11 (E.D. Pa. May 11, 2011); *Daniel v. West Asset Management, Inc.*, 2001 WL 2412950, *2 (E.D. Mich. 2011); *Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562, *7 (E.D. Mich. Jun. 29, 2010).

congressional authority, the FCC has, in fact, exempted certain calls to residential telephone lines. *See* 47 C.F.R. § 64.1200(a)(3). Specifically, and as recognized by this Court in the Order, the FCC's exemption in § 64.1200(a)(3)(iii) applies to the calls at issue because the calls were "made for a commercial purpose but d[id] not include or introduce an advertisement or constitute telemarketing[.]" Because Congress and the FCC provided regulations and exceptions narrowly tailored to calls to residential telephone lines, the same calls cannot be subject to a broad, "catch-all" provision.

## IV. THIS COURT SHOULD CERTIFY THE RESIDENTIAL TELEPHONE LINE EXEMPTION ISSUE FOR AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

Monarch respectfully requests that this Court present the residential telephone line exemption issue to the Fourth Circuit for an interlocutory appeal. Monarch specifically requests that the Court certify the following question:

> For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is a debt collection call to a residential telephone line attached to Voice Over Internet Protocol technology subject to the exemptions for calls made to a residential telephone line?

In deciding whether or not to certify an interlocutory appeal, the Court is to consider the following three criteria: "(1) [whether] the appeal involves 'a controlling question of law,' (2) [whether] there exists 'substantial ground for difference of opinion' on the question, and (3) [whether] immediate appeal 'may materially advance the ultimate termination of the litigation.'" *Stone v. Wayric Servs., Inc.*, 2012 WL 3678595, *1 (D. Md. 2012). Unless all four criteria are met, the district court "may not and should not certify its order to [the appellate court] for an immediate appeal under section

1292(b)." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois,* 219 F.3d 674, 676 (7th Cir. 2000). "If the controlling court of appeals has ruled on a question, then no substantial ground for difference of opinion exists, and there is no reason for immediate appeal." *In re Brand Name Prescription Drugs Antitrust Litig.,* 878 F.Supp. 1078, 1081 (N.D. Ill. 1995) (*quoting In re Folding Carton Antitrust Litig.,* 75 F.R.D. 727, 738 (N.D. Ill. 1977)).

Here, all 3 requirements are met. First, the question to be certified is a controlling question of law. If the appellate court accepts Monarch's position, judgment will be entered in favor of Monarch on Counts I – III as a matter of law, and a substantial portion of the case would be over. There are no relevant factual findings that Monarch seeks to overturn. Instead, Monarch submits that this Court erroneously failed to recognize the exclusivity of the residential telephone line provision, and mistakenly disregarded the conclusions of the FCC.

Second, this issue is undeniably contestable. But for *Daniel v. West Asset Mgmt., Inc.*, 2011 WL 3207790 (E.D. Mich. 2011), undersigned counsel is not aware of any other decisions that have addressed the specific, limited, and unique issue raised in this case at either the district court or appellate level. More importantly, the issue is clearly one to which the parties cannot agree and will contest throughout the litigation. As detailed above, there are substantial grounds for a difference of opinion on a rather narrow question of law, *i.e.*, whether a call to a residential telephone line may be subject to multiple provisions of the TCPA.

Third, the determination of this issue will speed up the litigation.

9

## **V. CONCLUSION**

WHEREFORE, defendant, Monarch Recovery Management, Inc., respectfully requests this Honorable Court certify the following question for interlocutory review under 28 U.S.C. § 1292(b):

> For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is a debt collection call to a residential telephone line attached to Voice Over Internet Protocol technology subject to the exemptions for calls made to a residential telephone line?

Respectfully submitted,

/s/ Justin H. Homes
Justin H. Homes – PHV (La. Bar No. 24460)
Bryan C. Shartle – PHV (La. Bar No. 27640)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: jhomes@sessions-law.biz
Email: bshartle@sessions-law.biz

Erin O. Millar
Federal Bar No. 28325
WHITEFORD, TAYLOR & PRESTON, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, MD 21202-1636
Telephone: (410) 347-8700
Facsimile: (410) 234-2377
E-mail: emillar@wtplaw.com

*Attorneys for Defendant,*
*Monarch Recovery Management, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 22, 2013, a copy of the above and foregoing was electronically filed, constituting service on the following:

    Michael C. Worsham, Esq.
    mcw@worshamlaw.com

                          /s/ Justin H. Homes
                          Justin H. Homes
                          E-mail:  jhomes@sessions-law.biz

\\sfnfs02\prolawdocs\9624\9624-28265\Lynn, Kevin M\1084306.doc