UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KEVIN M. LYNN,

        Plaintiff,

v.

MONARCH RECOVERY
MANAGEMENT, INC.,

        Defendant.

Case No: 1:11-cv-02824-WDQ

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Defendant, Monarch Recovery Management, Inc. ("Monarch"), submits the following reply in response to the opposition memorandum filed by plaintiff, Kevin Lynn, and in further support of its motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). The Court should grant Monarch's certification motion. As discussed below, plaintiff's opposition suffers from 4 deficiencies.

***First***, contrary to plaintiff's assertions, Monarch does not seek reconsideration or certification of state law issues, but only seeks certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

***Second***, Monarch does not ask the Court to change the law, but to apply the law as Congress intended.

***Third***, contrary to plaintiff's argument, there is no process for identifying residential telephone lines using VOIP service (sometimes referred to as "fixed-line VOIP service").

*Fourth*, there exist substantial grounds for a difference of opinion and the requirements of 28 U.S.C. § 1292 have been met.

### A. Monarch Seeks Certification Of An Interlocutory Appeal

On April 22, 2013, Monarch filed a Motion for Interlocutory Appeal and Certification under 28 U.S.C. § 1292(b).  Plaintiff incorrectly alleges two deficiencies with the motion.  First, plaintiff avers the motion is a delinquent Motion for Reconsideration.  *See* Dkt. No. 83, p. 2.  The instant motion, however, is not a Motion for Reconsideration, and Monarch in no way suggests otherwise.

Second, plaintiff avers "if [Monarch] truly believed there was a need for an interlocutory appeal of an important issue, [Monarch] should have moved for an interlocutory appeal *before* summary judgment, *like Lynn did*[.]"  *Id.* (emphasis added).  Plaintiff apparently does not understand the certification process under 28 U.S.C. § 1292(b).  As the Court is well aware, Monarch's certification motion for an interlocutory appeal to the Fourth Circuit is *not* comparable to plaintiff's certification motion to the Maryland Court of Appeals.

### B. The TCPA Should Be Applied As Congress Intended

Plaintiff argues Monarch is asking the Court to change the law.  *See* Dkt. No. 83, pp. 3-4.  That is absolutely incorrect.  To the contrary, Monarch is asking the Court to apply the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as Congress intended using settled rules of statutory construction.

The TCPA generally prohibits the use of an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to (i) emergency numbers, (ii) hospital

numbers, and (iii) wireless numbers (paging service, cellular telephone service, specialized mobile radio service) or any service for which the called party is charged for the call (the "catch-all provision").  *See* 47 U.S.C. § 227(b)(1)(A).  The TCPA does *not* prohibit the use of an ATDS to residential telephone lines and does not prohibit a debt collector from calling a residential telephone line using an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(B).  Plaintiff admits Monarch only placed calls to his residence and, in his opposition to Monarch's certification motion, concedes the calls are exempt from the TCPA:

> Here, because there is an FCC exemption for debt collection calls, [Monarch]'s calls, although initially subject to § 227(b)(1)(B), nonetheless do not violate this subsection because of the FCC exemption that covers non-solicitation debt collection calls at 47 C.F.R. § 64.1200(a)(2)(iii).

Dkt. No. 83, p. 6.  However, by applying the same call—a call to a residential telephone line—to the more general "catch-all" TCPA provision, the Court makes the exemption for such calls inapplicable and unenforceable.  And the Court fails to apply the well-settled rule of statutory construction that "[g]eneral language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment."  *D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208 (1932).

Plaintiff does not address the statutory construction issue.  Instead, he sidesteps the issue by arguing the two TCPA provisions are "simply separate" and "may overlap." Dkt. No. 83, p. 6.  Plaintiff cites *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012),

but *Mims* related to whether courts could exercise federal question jurisdiction over TCPA claims, not the issue before this Court.

If two separate provisions overlap and create a conflict, the answer is not to simply apply both with no regard to absurd consequences, as plaintiff suggests, but to apply the more specific over the more generalized provision. *See Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 339 (4th Cir. 2009) ("[It is a] basic principle of statutory construction that when two statutes are in conflict, a specific statute closely applicable to the substance of the controversy at hand controls over a more generalized provision."); *citing Farmer v. Employment Sec. Comm'n of N.C.*, 4 F.3d 1274, 1284 (4th Cir. 1993). With regard to calls to a residential telephone line using VOIP service, the residential telephone line provision clearly applies, whereas the "charged call" provision, a general, catch-all provision following specifically enumerated wireless services, is less clear and more broad. Thus, applying the rules of statutory construction, the residential telephone line provision should apply and Monarch's calls are exempt from the TCPA.[1] Plaintiff does not explain why Congress would go through the pains of creating an exception on the one hand, only to wipe it out with the other.

---

[1] Plaintiff argues that courts have regularly held that the TCPA extends "to cover newer forms of calling and communications[.]" Dkt. No. 83, pp. 3-4. In support thereof, plaintiff relies on *Satterfield v. Simon & Schuster*, 569 F.3d 946, 948 (9th Cir. 2009). Monarch agrees that the TCPA extends to new technologies, and courts should apply the appropriate provision. In *Satterfield*, however, the court held text messages to a cellular telephone fell under the cellular telephone provision. That the call was made using a new technology did not matter, it was fundamentally a call made to a cellular telephone. Likewise, that plaintiff here utilized a new technology does not matter, Monarch placed calls to plaintiff's residential telephone line and the residential line provision should be applied.

## C. There Is No Process For Identifying Residential Telephone Lines Using VOIP Service

Plaintiff argues Monarch can easily identify a "VOIP line" using one of many services that will "satisfy the need that [Monarch] professes to have," *i.e.*, a way to identify what residential telephone lines are an exception to the general rule and are *not* exempt from the TCPA. *See* Dkt. No. 83, p. 4. Plaintiff's argument is wrong.

Contrary to plaintiff's argument, there is no way to identify residential telephone lines with attached VOIP service, commonly referred to as "fixed-line VOIP service." (Some companies suggest they have the ability to identify whether a number is associated with *non*-fixed VOIP service.).

Regardless, even if a residential telephone line could be identified as being attached to VOIP technology, a company could *not* identify whether the VOIP service charges on a per-call-basis—which would be necessary to determine whether the TCPA "catch-all" provision applies.[2]  To identify which residential lines are subject to a nominal charge would require access to consumers' detailed calling plans, which raises serious privacy concerns.  This concern, however, is moot because a call to a residential telephone line that happens to use VOIP technology is still just that, a call to a residential telephone line.

## D. The Requirements For An Interloutory Appeal Are Met

Plaintiff only challenges one of the elements for an interlocutory appeal.

---

[2] Vonage, perhaps the most well-known VOIP service provider, offers unlimited incoming calls on both domestic calling plans (its "300 service" limits minutes on outbound calls only, inbound calls are unlimited).  *See* http://www.vonage.com/us-canada-calling-plans (visited 5/23/13).

Specifically, plaintiff avers that the second element of § 1292(b), that there must exist a substantial ground for difference of opinion, has not been met.  *See* Dkt. No. 83, p. 8.  He complains that the question Monarch proposes is flawed because it does not include, but "must necessarily include[,] the element of the caller being charged for the call[.]"  *Id.*  Plaintiff misses the point.  This is fundamentally a question of statutory construction.  The calls Monarch placed were unquestionably directed to plaintiff's residential telephone line and are exempt under the residential telephone line provision, 47 U.S.C. § 227(b)(1)(B), 47  C.F.R. § 64.1200(a)(2).  The question is whether the exemption can be eliminated by the more general, "catch-all" provision.

Plaintiff alleges Monarch has failed to show there is a substantial ground for a difference of opinion because it has cited just one case, whereas many courts have distinguished § 227(b)(1)(A) from § 227(b)(1)(B).  Plaintiff's argument fails for two reasons.  First, a court may find a substantial ground exists when "the issue is particularly difficult and of first impression for the [] Circuit."  *Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D. N.Y. 2007); *Thrasher-Lyon v. CCS Commercial, LLC*, 2012 WL 5389722, *3 (N.D. Ill. 2012) (certifying question regarding "prior express consent" under the TCPA to the 7th Circuit when there was "not abundant authority for either side's position on the issue.").  The District Court has wide discretion to certify a question to the Circuit Court.  *See Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D. N.C. 2010) ("[I]t is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.").

6

Here, the lack of authority on the issue does not prevent a finding of *substantial grounds for a difference of opinion*. While Monarch respectfully disagrees with the Court's decision, for the reasons stated above and in the Motion for Certification (Dkt. Nos. 76-77), Monarch believes it has shown that there are substantial grounds for a difference of opinion on the proper statutory interpretation of § 227(b)(1)(A) and § 227 (b)(1)(B).

Second, plaintiff's citation to cases distinguishing § 227(b)(1)(A) and § 227(b)(1)(B) is unavailing. Most of the cases cited involve allegations of calls to both cell phones and residential lines. The courts analyzed the calls to a cell phone under § 227(b)(1)(A), and calls to the residential line under § 227(b)(1)(B). But the courts were not faced with a situation like the one in this case – where a single call may arguably be subject to more than one provision. In such situations, where the call is exempt on the one hand and creates liability on the other, the rules of statutory construction must be exercised to determine which provision applies—***both provisions cannot apply because they are mutually exclusive of one another***. Here, Congress made a specific exemption for calls to residential telephone lines that applies to the calls placed by Monarch. This Court should recognize that there are substantial grounds to disagree whether that exemption can be overshadowed, and allow the Fourth Circuit to decide as much.

## CONCLUSION

WHEREFORE, defendant, Monarch Recovery Management, Inc., respectfully requests this Court certify the following question for interlocutory review under 28 U.S.C. § 1292(b):

7

For purposes of the Telephone Consumer Protection Act, 47 U.S.C. § 227, is a debt collection call to a residential telephone line attached to Voice Over Internet Protocol technology subject to the exemptions for calls made to a residential telephone line?

Respectfully submitted,

/s/ Michael D. Alltmont
Michael D. Alltmont – PHV (La Bar. No. 32318)
Justin H. Homes – PHV (La. Bar No. 24460)
Bryan C. Shartle – PHV (La. Bar No. 27640)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana  70002-7227
Telephone:   (504) 828-3700
Facsimile:   (504) 828-3737
Email:       jhomes@sessions-law.biz
Email:       bshartle@sessions-law.biz

Erin O. Millar
Federal Bar No. 28325
WHITEFORD, TAYLOR & PRESTON, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, MD  21202-1636
Telephone:   (410) 347-8700
Facsimile:   (410) 234-2377
E-mail:      emillar@wtplaw.com

*Attorneys for Defendant,*
*Monarch Recovery Management, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2013, a copy of the above and foregoing

was electronically filed, constituting service on the following:

Michael C. Worsham, Esq.
mcw@worshamlaw.com


/s/ Michael D. Alltmont
Michael D. Alltmont
E-mail:  malltmont@sessions-law.biz

\\sfnfs02\prolawdocs\9624\9624-28265\Lynn, Kevin M\1084305.doc